UNITED STATES, Appellee

v.

FRANCIS A. TUBBS, Private, U. S. Army, Appellant

1 USCMA 588, 5 CMR 16

No. 428

Decided August 14, 1952

LT. COL. James C. Hamilton, USA, and LT. COL. George M. Thorpe, USA, for Appellant.

LT. COL. Thayer Chapman, USA, and 1ST LT. Richard L. Brown, USA, for Appellee.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This accused was convicted by general court-martial in Korea of misbehavior before the enemy in violation of Article 99 of the Uniform Code of Mili-

tary Justice, 50 USC § 693. The specification alleged that he was guilty of misbehavior by cowardly conduct in the presence of the enemy in that he refused to join his company which was moving forward to occupy an outpost position. The accused was sentenced to a dishonorable discharge, total forfeiture of pay and allowances, and confinement for five years. Army reviewing authorities have upheld the findings and sentence. We granted petition for review in order to consider the accused's contention that the law officer committed prejudicial error in giving certain instructions to the court.

At the end of the prosecution case, defense counsel made a motion for a finding of not guilty on the ground that the accused was charged with "not going forward to join his company which was moving forward to occupy an outpost position" and the evidence failed to prove such facts. The motion was granted by the law officer, but one member of the court objected to the ruling and, after a vote by the members, the law officer's ruling was not sustained. Thereafter, and prior to the findings, the law officer gave the standard instruction on misbehavior from paragraph 178e of the Manual for Courts-Martial, United States, 1951. While we think there may be some doubt as to the desirability of limiting an instruction on the serious offense of misbehavior to the limited statements of the elements of proof appearing in paragraph 178e (see United States v. Gilbertson (No. 318), 1 USCMA 465, 4 CMR 57, decided July 22, 1952) we shall pass this point in order to consider more serious deficiencies in the law officer's instructions.

It is apparent from a conversation between the president of the court and the law officer that the ▆▆▆▆▆▆ ■ court entertained considerable doubt as to whether sufficient evidence had been produced to support the allegation in the specification as to the tactical position and actions of the accused's company. This led to a question by the president as to whether the specification could be amended. In response to this question,

the law officer stated that "You can't alter the specification as written. There is no lesser included offense to this thing." In our opinion, this instruction by the law officer constituted prejudicial error.

It is perfectly clear, of course, that a court-martial has not only the right but the duty to except from a specification allegations that are not established by the evidence. See Manual for Courts-Martial, United States, 1951, paragraph 74b. Further, if the deletion of the allegations not proved removes one of the essential elements of the offense charged, then the findings may be based only upon a lesser included offense supported by the elements remaining. If no lesser included offense is established by the elements remaining, then the court must find the accused not guilty. See Articles 51 and 79 of the Code, 50 USC §§ 626 and 673; paragraphs 74 and 158 of the Manual.

It may well be argued, as does the Government here, that a law officer's ruling that it is impossible to alter the specification as written would have no prejudicial effect where the alteration in question would have no effect on the allegations supporting the elements of the offense charged. Here, a more serious question is raised. We think the instruction of the law officer effectively precluded the court from exercising its right to bring in a finding based upon a lesser included offense.

The specification as written in this case includes several lesser offenses. If the court found that the allegations as to the presence of the enemy and cowardly conduct were not proved, then they could legally have convicted the accused of a failure to go to the appointed place of duty in violation of Article 86, 50 USC § 680. In view of the lack of evidence in the record to support the allegation that, at the time of the alleged offense, the accused's company was moving forward to occupy an outpost position, the court may have had a reasonable doubt as to whether the elements relating to cowardly conduct in the presence of the enemy were estab-

lished. Further, with appropriate deletions and substitutions, the specification could properly have been altered to allege the lesser offense of a violation of Article 134 of the Code, 50 USC § 728.

However, it is not required that we assess in detail the probabilities of support in the evidence for lesser included offenses in this case. We are not here dealing with the necessity of instructions on the elements of lesser included offenses. Indeed, this situation is quite the converse. It is sufficient to say that the court-martial has, by law, an unrestricted right to find the accused guilty as charged, guilty of any lesser offenses included within the specification, or not guilty. The law officer erred in instructing the court that they did not have this right. It is not for us to determine what this court-martial would have found in relation to the charge and specification had the erroneous instruction not been given. See United States v. Gilbertson (No. 318), 1 USCMA 465, 4 CMR 57, decided July 22, 1952; United States v. Rhoden (No. 153), 1 USCMA 193, 2 CMR 99, decided February 26, 1952; United States v. Little, 73 F2d 861, 866 (CA 10th Cir). The decision of the board of review is reversed and a rehearing is ordered.

Judge BROSMAN concurs.

Under a recently enacted rule of this Court a judge who is not present at oral arguments of the case is not permitted to participate in the decision. Judge Latimer was in the hospital at the time of argument and his views are therefore not expressed.