UNITED STATES, Appellee

v.

FRANK ARCHIBALD, Private E–2, U. S. Army, Appellant

5 USCMA 578, 18 CMR 202

No. 5623

Decided April 1, 1955

LT COL Joseph L. Chalk, U. S. Army, and 1ST LT Joseph B. Axelman, U. S. Army, for Appellant.

LT COL Thomas J. Newton, U. S. Army, and 1ST LT Elliott H. Eisman, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This is an appeal from a conviction for larceny. The issue is whether the law officer's instructions on mistake of fact prejudiced the accused.

The prosecution established the theft

of a radio from a member of the accused's company. It also showed that on the night of the theft, the accused, accompanied by another soldier and a Japanese girl, pawned the same radio for 13,000 yen. In defense, the accused called two witnesses.

Private Walacavicz, one of the two defense witnesses, testified that he and the accused met a Private Shockley at a taxicab stand just outside the military compound. Shockley had a radio with him which he said was his own. Although Walacavicz did not know Shockley "too well," Shockley asked him and the accused to pawn the radio. They agreed. Later, with the assistance of the accused's girl friend, they succeeded in pawning the radio for 13,000 yen. They spent a small part of the proceeds for refreshments, and the next day gave the remainder to Shockley. However, on cross-examination Walacavicz admitted making previous statements which were materially inconsistent with his direct testimony.

In a sworn pretrial statement he said he saw the accused in a boiler room in the company area; the accused had a radio which he recognized as belonging to the victim; he and the accused took the radio into town and pawned it; he received 4,000 yen from the proceeds and Shockley "received some of the money." Walacavicz admitted also that he had testified earlier at his own court-martial trial for participation in the same larceny. He there said that on the day of the theft he was on duty as a fireman; as he was making his rounds, he saw Shockley and the accused; the former "was handing a radio out of the window of the barracks."

Walacavicz maintained that he was induced to make a pretrial statement implicating the accused because "he was offered a 368 . . . and also a suspended sentence." He did not specifically repudiate his sworn testimony at his court-martial trial, but on redirect examination, he insisted that he was "telling the truth now."

Shockley was the other defense witness. He completely contradicted Walacavicz. He testified that before the theft he met Walacavicz and the accused; they "were talking about they were broke and needed money." He told them of the radio, and of the ease with which it could be stolen, "and they said o.k." The accused and Walacavicz promised to "get rid of it that night." Thereupon, Shockley entered the barracks, and handed out the radio through the window to Walacavicz. The accused stayed "out in front looking out." Later, the accused and Walacavicz took the radio into town. The next day, the accused gave Shockley 2,000 yen.

Without objection by either counsel, the law officer instructed the court that the defense had introduced evidence indicating that the accused mistakenly believed that the radio belonged to Shockley. He further advised the court that "If the accused's mistake was not reasonable under the circumstances, that is, if it was the result of carelessness or fault on his part, it is not a defense." The accused now contends that this last instruction was erroneous and prejudicial. See United States v. Rowan, 4 USCMA 430, 16 CMR 4; United States v. Lampkins, 4 USCMA 31, 15 CMR 31.

A law officer's determination that a particular issue is reasonably raised by the evidence should not lightly be disregarded by an appellate tribunal. However, if the determination is plainly erroneous the error cannot circumscribe the appellate review. United States v. Rodriguez-Suarez, 4 USCMA 679, 16 CMR 253.

The case presented by the defense is so contradictory and actually incriminatory as to preclude any finding except that of guilty. Shockley, the accused's own witness, and the person upon whom the accused heavily relied, completely implicated the accused in the crime. He was not impeached and there is no indication of any motive to tell anything but the truth. Walacavicz, the accused's other witness, attempted to show innocent possession of the radio, but he was so discredited by his testimony at his own trial, and by his pretrial statement, that, standing alone, his

testimony here is of very doubtful weight. See: United States v. Furney, 2 USCMA 270, 8 CMR 70; United States v. Robinson, 4 USCMA 488, 16 CMR 62. Considered with Shockley's testimony, it is utterly worthless. Taken as a whole the defense evidence of mistake patently falls far short of the reasonableness required to raise an issue of fact.

The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.