UNITED STATES, Appellee

v

DONALD LLOYD WILLIAMS, Airman Apprentice,
U. S. Navy, Appellant

9 USCMA 3, 25 CMR 265

*Commander H. H. Brandenburg,* USN, was on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Tried for desertion, terminated by apprehension, a general *court-martial* convicted the accused of the charge, but excepted the words "he was apprehended." It imposed a sentence, which includes a bad-conduct discharge and confinement at hard labor for one year and three months. On this appeal, the accused contends that he was prejudiced by the law officer's failure to instruct on the lesser offense of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886.

It is well settled that the law officer's refusal or failure to instruct on a lesser offense is not error if that offense is not reasonably put in issue by the evidence. United States v Wilson, 7 USCMA 713, 23 CMR 177; United States v Richardson, 2 USCMA 88, 6 CMR 88. Here, the law officer determined that the lesser offense was not in issue. After the parties had rested, he held an out-of-court hearing to discuss the instructions. At that time, he informed counsel that he was not going to instruct on the lesser offense. Defense counsel objected. The formal instructions to the court-martial on the principles of law applicable to matters considered in issue by the law officer did not include any reference to the lesser offense.

Although the law officer's determination that a lesser offense is, or is not, in issue, "should not lightly be disregarded," an appellate tribunal must independently evaluate the evidence to determine whether or not the accused has been deprived of his right to have the court-martial consider all reasonable alternatives of guilt. United States v Archibald, 5 USCMA 578, 18 CMR 202; United States v Morphis, 7 USCMA 748, 23 CMR 212.

The prosecution introduced into evidence several extracts from the accused's service record. Among other things, the entries show that on July 5, 1956, the accused absented himself without authority from his unit, Air Transport Squadron # 22, which was then at the Naval Air Station, Norfolk, Virginia, and that he was "apprehended" by the City Police, Laredo, Texas, on October 21, 1956. He was turned over to the military authorities at Laredo Air Force Base. On October 25, he was transferred to the Naval Air Station, Corpus Christi, Texas, the place of trial. The Government also showed that Chief M. E. McDonald questioned the accused after he had read and fully explained to him his rights under Article 31 of the Uniform Code of Military Justice, 10 USC § 831. In the course of the interrogation, the accused told the Chief that "he had no intentions of returning" to the military service. He further informed the Chief that he had been in Mexico and had become "tired of living" there.

However, he "knew" that if he returned to the United States he would be "captured sooner or later." Consequently, on crossing the border from Mexico, he "surrendered to the first police officer" he saw, and told him that he was "A-WOL from the Navy."

For the defense, counsel introduced a deposition from Mr. P. Vargas, Patrolman, Laredo Police Department. Patrolman Vargas testified that he saw the accused in Laredo. The accused was standing across the street from his post. He was dressed in "dirty civilian clothes." Vargas approached the accused and "asked him where he was from." The accused told him that "he was AWOL." Over trial counsel's objection, the law officer permitted the accused to take the stand to testify "on the limited issue of apprehension."[1] In substance, the accused testified that on October 20, 1956, at about 10:00 p.m., he was in Nuevo Laredo, Mexico. He "just decided" to turn himself in. He walked across the bridge and saw a policeman. Continuing his testimony, he said, "I walked over, and he [the policeman] walked over, to him and I told him I was A-WOL from the Navy." Finally, the court was advised that the law provides for payment for the apprehension of deserters from the service.

By itself, the accused's statement to Patrolman Vargas that he was "A-WOL" may be regarded as implying a denial of an intent to remain away permanently. United States v

[1] Since the correctness of the law officer's ruling is not in issue, we express no opinion on it.

Rodgers, 8 USCMA 664, 25 CMR 168. Similarly, absence, apprehension, foreign country residence, and the like, do not *necessarily* show an intent to desert. They merely provide a basis from which the court-martial may infer an intent to remain away permanently. Since the inference need not be drawn by the triers of fact, the lesser offense is generally in issue in a desertion case. United States v Swain, 8 USCMA 387, 24 CMR 197. However, neither the accused's statement, nor the other circumstances, stand alone. They should be considered in connection with the accused's pretrial confession.

It will be recalled that the accused admitted to Chief McDonald that he had lived in Mexico and "had no intentions of returning" to the service. He also admitted that when he "tired" of Mexico and determined to return to the United States, he "decided" to surrender because he believed that he would be "captured sooner or later." In the context of the undisputed confession, the circumstantial evidence takes on an unequivocal character. As a result, no instruction on the lesser offense of unauthorized absence was required. See United States v Rodgers, supra; cf. United States v Swain, supra; United States v Tubbs, 1 USCMA 588, 5 CMR 16. The law officer was correct in his decision not to instruct on that offense.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

Judge LATIMER concurs in the result.