UNITED STATES

v.

Michael E. HEAD, 305 64 5342, Lance Corporal (E-3), U. S. Marine Corps.

NCM 78 0844.

U. S. Navy Court of Military Review.

Sentence Adjudged 15 Feb. 1978.

Decided 26 Jan. 1979.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

**GRANGER, Judge:**

At a general court-martial, appellant was charged with robbery in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. Specification 1 under the charge alleged that he robbed M of a wallet. Appellant pleaded, and was found, not guilty of that offense, and it is of no concern in this appeal. Specification 2 alleged that appellant robbed N of $90.00. Appellant pleaded not guilty to this specification and charge. By exceptions and substitutions, however, he pleaded guilty to a lesser included offense of larceny of $5.00, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.

The facts elicited during the inquiry into the providency of appellant's plea establish that appellant wrongfully withheld $5.00 from N with the intent to permanently deprive N thereof. Appellant denied wrongfully *taking* the $5.00. The military judge accepted the plea and found appellant guilty of this lesser included offense of larceny, after which the charge of robbery was litigated before court members. Appellant was found guilty, and he was sentenced to confinement at hard labor for 6 months, forfeiture of $200 pay per month for 6 months, reduction to pay grade E–1, and separation with a bad-conduct discharge.

The evidence, which included appellant's sworn pretrial statement, showed that appellant and two confederates were returning from liberty and had given a ride to two other Marines. After the automobile entered the military reservation, the five occupants agreed to smoke some marijuana before completing their journey to their respective barracks. The driver left the main thoroughfare, drove down a side road to a dark isolated area, and stopped the car, whereupon the five occupants shared two marijuana cigarettes. Appellant and one confederate then got out of the two-door car, leaving the two hitchhikers in the back seat and the driver in the front seat. The confederate walked around to the driver's side and motioned for the window to be rolled down. Appellant remained on the right side of the car in the open doorway. The confederate asked the hitchhikers for their wallets. Appellant had an unsheathed

"K-bar" knife in his hand which he showed to the two Marines in the back seat. One of the two, N, exited the vehicle on the right side, surrendered his wallet to appellant, and pleaded for appellant not to "stick" him with the knife and to let him go. Appellant told N he could leave and permitted him to do so, but one of appellant's confederates stopped N and briefly searched him before permitting him to leave. In his pretrial statement appellant admitted that he knew when they turned onto the side road that "we were going to lift some money from our white passengers."

The victim, N, testified that he had at least $90.00 in his wallet when it was taken from him. One of appellant's confederates testified that appellant gave him $20 shortly after the robbery. Appellant had $67 when he was apprehended later that night. Appellant claimed that this was money he had before the robbery, augmented only by N's $5.00. The knife was found in its sheath under the seat where appellant had been sitting.

In defense, appellant testified he was sleeping on the right side of the back seat as the car and its five occupants returned to the military base, and he awakened when the car stopped on the side road. After the marijuana was smoked, he moved to get out of the car, and something he kicked fell out as he exited. He picked it up and discovered it was a knife, which he had never seen before. As he was standing in the right-side doorway, looking at the knife, not pointing it at anyone, he heard his confederate, who was on the other side of the automobile, ask for the victims' wallets. One of the victims thereafter got out of the car on appellant's side, handed him something, and fled. Appellant did not speak to this person. The object turned out to be a wallet. Appellant testified he was surprised when he was handed the wallet, and that he did not intend to rob anyone or steal the wallet, but he was aware when he was handed the wallet that a robbery was being committed. He then returned to the car, inspected the contents of the wallet, and for the first time formed the intent to steal $5.00, which he did. He then placed the wallet and its remaining contents on the automobile console between the two front seats occupied by his two confederates.

In his instructions to the members, the military judge charged on the elements of robbery, then explained that robbery was a compound offense, composed of larceny and some form of assault. He then instructed upon the lesser included assault offenses, including assault with a deadly weapon and assault by offering to do bodily harm. He explained that no consideration was required as to any lesser included offenses against property, because appellant had already pleaded guilty to larceny. Appellant assisted in framing these instructions, originally stating that the evidence raised no lesser included offenses at all, but thereafter requesting a charge on the lesser included assault offenses. Appellant now contends that it was reversible error for the military judge to fail to instruct on the elements of larceny. We do not agree.

■ The military judge has the responsibility to ensure that the members are instructed on all issues, theories, and lesser included offenses reasonably raised by the evidence. *United States v. Verdi*, 5 M.J. 330 (C.M.A.1978); *United States v. McGee*, 1 M.J. 193 (C.M.A.1975). This is true even when the evidence as to the lesser included offense is weak or unworthy of belief. *United States v. Moore*, 16 U.S.C.M.A. 375, 36 C.M.R. 531 (1966).

Appellant's theory in this case was not that no robbery was being committed. His theory was that he was in no way connected with the robbery. His account was that, half asleep, he stumbled from the car, kicking out an object he picked up and discovered was a knife; that he then had a wallet thrust into his hand without knowing what it was; and that, having thereby come into possession of N's money with no criminal intent, he later formed the intent to wrongfully withhold $5.00. Appellant therefore denied any wrongful "taking" of N's money.

■ If N's money was wrongfully taken from him, as distinguished from wrongfully withheld, it was taken by putting him in fear of personal injury. That is robbery—the offense upon which the members were instructed. There is no evidence in the record from which the members could reasonably find that appellant wrongfully took N's money but did not rob him. No instruction on a "wrongful taking" larceny was appropriate under these facts. *United States v. Williams*, 9 U.S.C.M.A. 3, 25 C.M.R. 265 (1958).

■ Appellant argues that the members could have found that appellant wrongfully *withheld* more than $5.00, and that an instruction on larceny by "wrongfully withholding" was required. It is possible, although extremely unlikely, that the members could have believed appellant's story that he lawfully obtained the wallet, but then disbelieved his testimony that he only took $5.00 and found from the circumstantial evidence that he withheld at least $70 or all the money. However incredible this version of the incident is, there is evidence to support it, and appellant was entitled to appropriate instructions. The credibility of the evidence was for the members to decide. *United States v. Moore, supra,* at 377, 378.

■ We find, however, that appellant waived any objection to the military judge's failure to instruct on the lesser offense of larceny. *United States v. Wilson*, 7 U.S.C.M.A. 713, 23 C.M.R. 177 (1957); *United States v. Bowers*, 3 U.S.C.M.A. 615, 14 C.M.R. 33 (1954). It is clear from the record that appellant did not want an instruction on larceny. He asserted at trial that no lesser offenses against property were raised by the evidence. Further, such an instruction would have run contrary to the defense theory. There was good reason for appellant's trial position. The key to his fate was the members' findings regarding the assaultive aspects of the case. If the members found him guilty of robbery, an instruction would avail him nothing. If the members found him not guilty of robbery, but through some tenuous rationale found him guilty of a lesser assault offense, he would fare better if the members were not instructed that they could also find him guilty of larceny of more than $50.00. Clearly, if the members found that appellant did not assault N, appellant faced a maximum period of confinement of no more than 6 months if an instruction on larceny was not given, but could have received twice that if the members were instructed on larceny of more than $50.00. Appellant therefore had nothing to gain and much to lose if such instructions were given.

■ A failure to object to instructions and a failure to request instructions upon lesser offenses does not constitute waiver of any error in the omission of such instructions, and the doctrine of waiver may be invoked only if the record demonstrates an affirmative, calculated, and designed course of action by a defense counsel to the end that he leads the military judge to believe he does not desire instructions on a lesser included offense. *United States v. Moore*, 12 U.S.C.M.A. 696, 31 C.M.R. 282 (1962). This record demonstrates such a waiver. The military judge, obviously receptive to defense requests regarding instructions, gave appellant everything he asked for, *cf. United States v. Johnson*, 1 M.J. 137 (C.M.A.1975), and his instructions were in complete harmony with the defense theory of the case.

Further, even in the absence of waiver, we could find no prejudice from the judge's omission. Unlike the circumstances in *United States v. McGee, supra,* we need not speculate on whether appellant was harmed by the absence of such an instruction. Here, the omission could have had no adverse affect on findings and could only have benefitted appellant by reducing the maximum permissible punishment.

We find no merit in appellant's remaining assignments of error and affirm the findings and sentence as approved below.

Senior Judge BAUM and Judge MICHEL concur.