## UNITED STATES v. NEWMAN et al.

District Court, W. D. Washington, N. D.
March 6, 1928.

No. 11630.

**1. Attorney and client ⬅106—Counsel is not justified in waiving error out of consideration for court.**

Where court has committed error, consideration for court or for benefit of counsel does not justify counsel's waiver of the error to the prejudice of the client.

**2. Criminal law ⬅701—Chief obligation of counsel is to administer justice, success of client being secondary.**

Purpose of trial is to administer justice by calm and dispassionate investigation of facts and application of law, and chief obligation of counsel is to aid in administering justice; success of the client being secondary.

**3. Contempt ⬅10—Imposition of fine for counsel's misconduct in persisting, in face of objections and admonitions, to try case on his own assumptions and statements and on appeals to prejudice, held proper.**

Where counsel persisted in trial on assumptions and statements, rather than witnesses' answers, and on appeals to prejudice and sympathy, and in a belligerent and resentful manner, in face of repeated objections and admonitions, fine for misconduct was properly imposed.

Proceeding by the United States against Benjamin A. Newman and others, in which a fine was imposed upon Hugh M. Caldwell, defendants' leading counsel. On motion to remit the fine. Motion denied.

Thomas P. Revelle, U. S. Atty., and Anthony Savage, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

Hugh M. Caldwell, Paul Carrigan, George H. Crandell, John J. Sullivan, John P. Gallagher, and Arthur E. Bailey, all of Seattle, Wash., for defendants Benjamin A. Newman, James Arthur Boyd, Christopher Skrondal, Fred Nourse, Daniel George Huron, Laurent Vereecken, Jacob Minsky, Freda Newman, Eva Boyd, and Louie Bussanich.

BOURQUIN, District Judge. During the trial a fine was imposed upon defendants' leading counsel, Mr. Caldwell. After verdict, with his consent, his associate, Mr. Sullivan, moved that it be remitted.

[1] Later, and while the motion was under advisement, in open court the associate stated that "out of consideration for the court the assignments of error based on the incident and circumstances have been abandoned and will not be urged on appeal"—an ill-timed maneuver, to say the least. And it is observed that, if the court erred, no consideration for

it will justify waiver to the prejudice of defendants. Nor can the rights of clients be sacrificed for the benefit of counsel.

The occasion of the fine was the too-common strategy of the criminal lawyer, viz. to try the case upon counsel's assumptions and statements in the guise of questions, rather than upon witnesses' answers; upon insinuation and innuendo, rather than upon evidence; upon prejudice and sympathy, rather than upon reason, all associated with a belligerent and resentful manner; and persistent practice of these improper tactics in the face of repeated objections and admonitions evaded, tending to disorder, unfair trial, and defeat of justice.

[2] It must be remembered, though too often forgotten or ignored, that a trial is not a mere test of skill, a game wherein shrewd advantage plays a part. Courts sit but to ascertain truth and to administer justice. To aid therein is the chief obligation of all counsel, their first duty, and to which the success of their clients is wholly secondary. See Thomas' Case (C. C.) 36 F. 243; Kelly's Case (D. C.) 243 F. 705; Ford's Case (D. C.) 9 F.(2d) 992.

Trials must be a calm, dispassionate investigation of facts in issue, and application of law, in sober appeal to reason, and not at all to prejudice or sympathy, the enemies of justice. Unfortunately, trials are not seldom otherwise, especially criminal trials. Too often the last thing defendant and counsel desire is a fair trial and justice. Accordingly they strive for false issues, clamor, excitement, publicity, and a free fight, instead of a fair trial, resorting to a variety of illegitimate expedients, including those aforesaid, to secure success—that is, (1) acquittal; (2) disagreement; (3) mistrial; or (4) a record reversible on appeal.

Hence the publicist's assertion that in the United States the administration of criminal law is disgraceful, and less efficient than in any other civilized country. Courts can do much to remedy the evil, by exercise of their necessary and just powers to control proceedings, and to enforce respect for and obedience to rules by discipline, as in this case.

[3] In so far as it is urged that contemnor is of the leaders of the bar and intended no offense, evidence of the fact better have been by good example to lesser members of a great and influential profession. Rank and prestige impose obligation to justify their possession by appropriate conduct. They do not license offenses, but magnify them. And those who take unfair advantages must also take the consequences. To excuse contemnor

because of leadership would verify Cato's dictum that "law is a net which holds the little fish, though the big fish break through."

Contemnor voluntarily and knowingly resorted to methods which the law condemns, and so intended the offense, in the only sense wherein intent is material. The fine was incurred and necessarily levied, and every consideration which justifies penalties requires that it stand.

Motion denied.