UNITED STATES, Appellee

v.

ALPHONSE LAMPKINS, Private E–2, U. S. Army, Appellant

4 USCMA 31, 15 CMR 31

No. 3749

Decided March 19, 1954

LT COL James C. Hamilton, U. S. Army, and 1ST LT Jack W. Tucker, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, and 1ST LT Roderick V. Brown, U. S. Army, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

A general court-martial found accused guilty of a violation of Article 134, Uniform Code of Military Justice, 50 USC § 728, the specification thereunder alleging the wrongful possession of five cigarettes, more or less, containing marihuana. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for five years. Intermediate reviewing agencies have affirmed the findings and sentence, and we granted accused's petition for review in order that we might determine the correctness of the instructions given by the law officer.

Accused was a member of Company

32

H, 155th Infantry Regiment, 31st Infantry Division, stationed at Camp Atterbury, Indiana. On June 3, 1953, his company commander, accompanied by a sergeant, conducted a shakedown inspection of his organization in connection with the investigation of a reported larceny from one of the trainees. In the course of this inspection, the sergeant found a cuff link box in accused's footlocker. The box had a false bottom and concealed between the two cardboard layers was a small quantity of sediment subsequently identified as marihuana. In addition, an envelope containing five marihuana cigarettes was found hidden in a flap on the seat of a chair in accused's room. He had been the sole occupant of the room for about twelve days prior to the search, but the door was not locked when he was absent. The foregoing facts are not in substantial dispute as the issue grows out of the defense offered by the accused. He testified that he was entirely unaware of the presence of the cigarettes in the chair; that others often used the chair as they came into his room to listen to records; that he had found the cuff link box in the trash; that he placed it in his trunk locker; and, that he did not know it contained marihuana.

Before discussing the principal issue, we consider it will be of some value to the services to mention a doubtful practice which appears in the record. After arguments had been completed, the defense counsel requested a conference with the law officer. Inferentially it appears that the subject of discussion concerned the giving of certain instructions, but unfortunately the law officer concluded the proceedings should not be made a part of the record. This leaves us uninformed as to whether the particular instruction in this case was requested by defense counsel. If so, he should not be benefited by his induced error; if not, then he is entitled to complain. Without knowing the true situation, we must place the responsibility solely on the law officer and we, therefore, make this general observation. We believe that during the trial of a case the better practice is to record all matters which in any way affect the proceedings.

We proceed now to a consideration of the merits of the appeal. At the conclusion of the trial the law officer instructed the court on the offense alleged as follows:

"1. that at the time and place alleged, that is, at Camp Atterbury, Indiana, on or about 3rd June 1953, the accused without authorization wrongfully had in his possession five cigarettes more or less of marihuana;

•    •    •    •    •

"The court is advised in this connection that possession of marihuana is presumed to be wrongful unless the contrary appears. However, in this connection the court is advised that the defense has introduced evidence to show that at the time of the alleged offense of wrongful possession of marihuana, the accused was ignorant of the fact that there was any marihuana in his room or in his possession. With respect to this evidence, the court is advised that if the accused was laboring under such ignorance and if his ignorance was honest and reasonable under the circumstances, he cannot be found guilty of wrongful possession of marihuana, for the law recognizes this as a defense. However, it is essential to this defense that the ignorance be both honest and reasonable under the circumstances. If the accused's ignorance was not reasonable under the circumstances but was the result of carelessness or fault it is not a defense. However, the burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond reasonable doubt. Consequently, unless you are satisfied beyond reasonable doubt that the accused was not honestly and reasonably in ignorance of the fact that there was marihuana in his room or in his possession, you must acquit the accused."

It is readily apparent from the instruction that the law officer concluded ignorance of fact was placed in issue by the defense evidence. For this rea-

33

son he included within his charge the above instruction which paraphrased the Manual provision on that principle of law. Paragraph 154*a*(3) of the Manual is as follows:

"*Ignorance of fact.*—Unless otherwise provided (expressly or by implication) by the law denouncing the offense in question, ignorance or mistake of fact will exempt a person from criminal responsibility if it is an honest ignorance or mistake and not the result of carelessness or fault on his part."

We have considered the foregoing instruction in two other cases and have expressed doubts about it being a correct statement of the law, except possibly in cases involving general criminal intent. In this instance, we are forced to conclude the principle was injected into the case to the prejudice of the accused. We believe that here the confusion as to its application flows from the inclusion of the term "ignorance" within the Manual provision, and the failure to appreciate that under the facts of this case the rule modified and changed the burden of proof placed on the prosecution. It is not appropriate to use the theory in possession cases because it permits a court-martial to base a finding of knowledge on a lack of due care on the part of the accused. A finding such as that may be entirely inconsistent with the requirement of conscious possession.

"Ignorance" is defined by Black's Law Dictionary, 4th ed, page 881, as lack of knowledge. That authority further states:

" 'Ignorance' and 'error' or 'mistake' are not convertible terms. The former is a lack of information or absence of knowledge; the latter, a misapprehension or confusion of information, or a mistaken supposition of the possession of knowledge. Error as to a fact may imply ignorance of the truth; but ignorance does not necessarily imply error."

It should be apparent from the foregoing definition that a mistake based on negligence presents a somewhat different problem than does ignorance based on negligence. We can assume,

arguendo, that if a person has knowledge that he possesses an article which may or may not be contraband, he has some duty to determine its characteristics, and, that if he reasonably fails to do so he can be convicted for having it in his possession. The same rationale cannot be applied if he is honestly, albeit negligently, ignorant of its presence. The authorities uniformly hold that a conscious possession must be affirmatively shown, either by direct or circumstantial evidence.

In illegal possession cases two types of knowledge are involved. The distinction between the two was pointed out by the Supreme Court of California in People v. Gory, 28 Cal 2d 450, 170 P2d 433. There the court said:

"While it thus appears that 'mere possession, except as authorized' is sufficient to constitute the statutory offense in question, without regard for *scienter* or specific intent to violate the law as would follow from evidence establishing defendant's *knowledge of the contraband character* of the property, the law makes the matter of knowledge in relation to *defendant's awareness of the presence* of the object a basic element of the offense of possession. It has been repeatedly held that the term 'possession' as used in the State Poison Act (now embraced in the Health and Safety Code) means an 'immediate and exclusive possession and one under the dominion and control of defendant.' People v. Herbert, 59 Cal App 158, 159, 210 P 276, 277; People v. Sinclair, 129 Cal App 320, 322, 19 P2d 23. Thus it was said in People v. Noland, 61 Cal App 2d 364, 366, 143 P2d 86, 87: 'person has "possession" of a chattel who has physical control with the intent to exercise such control, or, having had such physical control, has not abandoned it and no other person has obtained possession. (Restatement Torts, section 216.)' But knowledge of the *existence* of the object is essential to 'physical control thereof with the intent to exercise such control' and such knowledge must necessarily precede the intent to exercise, or the exercise of, such control."

After citing several cases, the court continued:

"The distinction which must be drawn, from a reading of the foregoing authorities, is the distinction between (1) *knowledge of the character of the object and the unlawfulness of possession thereof* as embraced within the concept of a specific intent to violate the law, and (2) *knowledge of the presence of the object* as embraced within the concept of 'physical control with the intent to exercise such control,' which constitutes the 'possession' denounced by the statute. It is 'knowledge' in the first sense which is mentioned in the authorities as being immaterial but 'knowledge' in the second sense is the essence of the offense."

Other authorities are in accord that the term "possession" when used in a criminal statute denotes conscious knowledge of the presence of the thing possessed. In Baender v. Barnett, 255 US 224, 41 S Ct 271, 65 L ed 597, the accused was charged under a statute condemning the possession, without lawful authority, of a die in the likeness of the genuine coin of the United States. He pleaded guilty to the charge but subsequently petitioned for a writ of habeas corpus. The Supreme Court stated:

"The petitioner makes two contentions. One is that the statute is repugnant to the due process of law clause of the 5th Amendment in that it makes criminal a having in possession which is neither willing nor conscious. The district court, in denying the petition, held otherwise, saying that the statute, rightly construed, means 'a willing and conscious possession;' and the court added: 'Such is the possession intended by the indictment, and such is the possession, the petitioner having pleaded guilty to the indictment, that he must be held to have had. Otherwise he was not guilty. He might have pleaded not guilty, and, upon trial, shown that he did not know the dies were in his possession.'

"We think the court was right. The statute is not intended to include and make criminal a possession which is not conscious and willing. While its words are general, they are to be taken in a reasonable sense, and not in one which works manifest injustice or infringes constitutional safeguards. In so holding we but give effect to a cardinal rule of construction recognized in repeated decisions of this and other courts."

In the instant case, the accused was charged with possessing five marihuana cigarettes, more or less; and his evidence, if believed, would establish that he did not know of the presence of the drug in any form. The only defense raised by him was lack of knowledge. The effect of his evidence on that issue was substantially weakened by the law officer's instruction that if his ignorance resulted from his carelessness, he had, in effect, offered no defense. To apply the principles stated in the Manual and enunciated by the law officer in this instance would be tantamount to a holding that a conviction for the crime of possessing a habit-forming drug could be supported by a finding that an accused was negligent in not discovering its presence. We do not believe such has ever been the law. See Baender v. Barnett, supra. The facts adduced by the parties were such that the court-martial could have found reasonably that accused consciously possessed the drug or it could have determined that he was negligent in not knowing it was present in his quarters. The instructions given permitted the court-martial to base a finding of guilt on either theory and we cannot ascertain which was the true basis for its conclusion. For that reason we conclude that the law officer committed an error which resulted in prejudice to the accused.

In so holding, we have not overlooked the fact that, in addition to the portion of the charge previously quoted, the law officer included the following:

"Further relative to the possession of marihuana, the court is advised that the accused must have had knowledge of the possession of marihuana. That possession does entail care, custody, management, and control which

**35**

are among the legal definitions of the term possession . . ."

The above is a correct statement of the law applicable to this case, and although we have no reason to assume that the court-martial members ignored its terms, we cannot escape the contention that the charge as a whole is erroneous. While the last quoted instruction required a finding of knowledge, the previous instruction authorized the court to find knowledge if the accused's contention to the contrary was founded on his failure to act as a reasonably prudent person would have acted under similar circumstances. Stated concretely as to this case, the Government proved facts and circumstances which would permit the court-martial to find accused had a conscious possession of the marihuana. He sought to avoid the inference arising from those facts and circumstances by establishing that he was unaware of the presence of the cigarettes. The law officer in informing the court-martial on that issue stated that regardless of how honest was his story, he was charged with knowledge if the court-martial concluded a reasonable person would have known the cigarettes were concealed in the chair. Under that formula, the court-martial could find the requisite knowledge required by one instruction but predicated it on the test set forth in the other. It is the latter test which is false.

Accordingly, the decision of the board of review is reversed, and the case is remanded to The Judge Advocate General of the Army for a rehearing or for other action consistent herewith.

Chief Judge QUINN and Judge BROSMAN concur.