UNITED STATES, Appellee

v

EDWARD WASHINGTON, Jr., Basic Airman, U. S. Air Force, Appellant

9 USCMA 313, 26 CMR 93

No. 10,798

Decided June 6, 1958

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

*Lieutenant Colonel John F. Hannigan* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was tried by a general court-martial and found guilty of violating a general regulation by wrongfully having in his possession instruments which could be used to administer habit-forming drugs, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892. The findings and sentence were approved by the convening authority. Before the board of review the accused alleged that the evidence was insufficient to sustain his conviction, and that a comment of the staff judge advocate upon an instruction given by the law officer was prejudicial. The board of review, finding no error, affirmed and we granted review solely upon an issue concerning the staff judge advocate's review.

Our disposition of this case requires a short recitation of the evidence adduced at trial. During a routine inspection of the accused's quarters located on an Air Force base, Sergeant Clokey, in the presence of a Japanese houseboy, accidentally came across a small box containing a hypodermic syringe, a hypodermic needle, a cardboard box and a small plastic tube. The only occupant of the room was the accused who was not present during the inspection. The Sergeant delivered the box and its contents to a special agent, Lowrey, of the Office of Special Investigations who sent the items on to a Military Police laboratory for analysis. An examination of the items for traces of morphine compounds or barbiturates proved negative. Receiving proper authority, Agent Lowrey conducted another search of the accused's room. The accused was present, advised of his Article 31 rights, and consented to the search. It was during this second search that two bottles were discovered, stuffed in the toes of a pair of civilian shoes under the accused's bed. Both bottles, subsequently introduced in evidence, were marked, one "Procaine Penicillin G" and the other "Water for Injection," but their contents were never positively identified at trial. At the time of the second search, Agent Lowrey questioned the accused. Although he declined to make a written statement, the accused orally answered some of the agent's questions. He stated that he did not know how the bottles happened to be in his shoes. Some two weeks later in a conversation with the agent the accused for all practical purposes denied knowledge of the presence of the needle, syringe and tube. These exculpatory statements constituted his defense on the merits.

The staff judge advocate in his post trial advice made the following observation:

"(1) *Gratuitous Instruction:*

"In addition to the instructions which would normally be required in this type of case the law officer instructed the court that in order to find the accused guilty of the offense charged they must find, inter alia, that the accused had a conscious, knowing and personal possession of a hypodermic needle and syringe and that accused's possession of these items was not wrongful if they had been duly prescribed by a physician and the prescription had not been obtained by fraud, or where his posses-

314

sion was the result of accident or mistake, or if he possessed the same in the performance of his duty. This enumerated instruction was not required or essential to the elements of the offense and the court would have been adequately instructed in its absence. The instruction was not harmful and actually had a desirable effect for the forbidden instruments were found in a desk in accused's room, and the instruction required the court to find from the evidence accused's conscious and knowing personal possession of these instruments in order to find him guilty of the offense as alleged. The accused was not harmed by the instruction, and the findings of guilt based upon this instruction, and all of the other instructions given, are fully sustained by the evidence."

Appellate defense counsel contend that the accused suffered substantial prejudice by virtue of the foregoing comments. They argue that the evidence in the record is sufficient to raise an issue and require an instruction on lack of knowledge. Therefore, the effect of the staff judge advocate's advice, so they assert, was to inform the convening authority that he could concur in the court-martial's finding without determining whether the accused consciously and knowingly possessed the outlawed paraphernalia.

We cannot agree with the contentions advanced by the accused even though we assume that ignorance of fact was raised reasonably. The hypodermic kit was found in his desk drawer located in an enclosed room which he occupied. The other paraphernalia was found in his shoes. The Government introduced evidence to prove these facts beyond a reasonable doubt. The defense presented no evidence to the contrary. Certainly, the sole occupant of a room is charged with knowledge of contraband found with his personal belongings in his room, although he may escape an adverse finding to that effect if there is testimony which raises a reasonable doubt about his knowledge of its presence. In this instance, however, the court-martial under adequate instructions found that the accused had personal knowledge of the presence of the hypodermic equipment and there can be no question concerning the sufficiency of the evidence to sustain the finding.

In a very exhaustive review, the staff judge advocate with meticulous care states every fact of importance and his conclusions as to their import. Anyone reading the review could not help but understand that the author was showing the quality and quantity of the evidence of guilt. His measuring rod was proper for in summation he stated, "That competent evidence of record establishes beyond a reasonable doubt each element of the offense of which the accused was found guilty." In addition, he discusses and resolves all legal questions appearing in the record. We therefore find the review meets the basic requirements imposed by the Code and the Manual.

With those matters as a background, we proceed to consider the paragraph which contains the discussion of the gratuitous instruction. For this purpose we assume, without deciding, that the staff judge advocate erred in his conclusion that the instruction on conscious, personal, and knowing possession was a gratuity. However, in construing the paragraph to ascertain whether there is a fair probability that the convening authority may have been misled, we must consider the entire comment. In the latter part of the paragraph the reviewer has this to say:

". . . The instruction was not harmful and actually had a desirable effect for the forbidden instruments were found in a desk in accused's room, and the instruction required the court to find from the evidence accused's conscious and knowing personal possession of these instruments in order to find him guilty of the offense as alleged. *The accused was not harmed by the instruction, and the findings of guilt based upon this instruction, and all of the other instructions given, are fully sustained by the evidence."* [Emphasis supplied.]

As we interpret the language used,

**315**

the thought conveyed by the staff judge advocate was that he believed the law officer had favored the accused by requiring a finding on an unnecessary issue; but that made no difference in this case because the court-martial found adversely to the accused on the issue, and the evidence supported the finding beyond a reasonable doubt. The convening authority could not have been misled by that advice.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur in the result.