UNITED STATES, Appellee

v

CARLOS ALVAREZ, Airman Second Class, and ROBERT A. ETHRIDGE, Airman Second Class, U. S. Air Force, Appellants

10 USCMA 24, 27 CMR 98

No. 11,594

Decided November 14, 1958

*Lieutenant Colonel Philip J. Williamson* argued the cause for Appellants, Accused. With him on the brief were *Lieutenant Colonel Robert O. Rollman, Lieutenant Colonel Ellis L. Gottlieb,* and *Major Donald C. Helling.*

*Lieutenant Colonel James R. Thorn* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This is an appeal by the accused from a conviction for wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934.

Each accused was charged separately with the possession of marihuana. Alvarez was charged with possession on August 14, and Ethridge's possession was alleged to have occurred on September 4, 1957. The convening authority ordered a common trial for both accused and an Airman Nabors. When the case came on for hearing, Nabors' civilian counsel moved for a continuance on the ground they had been retained the previous night and needed additional time to determine whether to request that members of the court include enlisted personnel and to prepare the defense. The motion was granted. Without objection by the accused's counsel, the trial proceeded to findings and sentence. It is now contended it was error to hold a common trial and the accused were prejudiced by the error.

As early as United States v Bodenheimer, 2 USCMA 130, 7 CMR 6, we pointed out that a common trial of two separately charged accused is proper only under limited circumstances. In this regard the Manual for Courts-Martial, United States, 1951, provides that two or more accused may be tried in common where the offense or offenses charged "were committed at the same time and place and are provable by the same evidence." Paragraph 33*l*. In the instant case, the offense against each accused occurred at a different place and the Article 32 investigation showed unmistakably that the evidence to prove the commission of the offense was dif-

ferent as to each accused. It was, therefore, error to direct a common trial. However, there is still the question of the effect of the error.

In the *Bodenheimer* case we noted that the accused's failure to object to an improper joinder ordinarily constitutes a waiver of the error. We also observed that the rule is relaxed if it would result in a manifest miscarriage of justice. Appellate defense· counsel recognize the general rule, but attempt to bring the instant case within the exception. The circumstances, however, are opposed to their argument. The issues were uncomplicated; the prosecution presented its case against each accused as a separate unit; there were only a few witnesses and their testimony was virtually unchallenged. In his final instructions the law officer expressly advised the court-martial on the "very important matter" of considering the evidence against each accused separately. He told the court-martial that:

". . . The mere fact that you may be satisfied beyond a reasonable doubt that one of the accused is guilty does not necessarily mean that the other accused is guilty. In considering my instructions and in deliberating and voting on your findings, you must bear in mind at all times that these two accused are charged here as individuals. You must determine the guilt or innocence of each separately, pursuant to and in accordance with the instructions I am about to give you."

Later in his instructions, the law officer substantially repeated this advice. We hold, therefore, that the accused were not prejudiced by the common trial.

Turning to the evidence, appellate defense counsel contend it is insufficient to sustain the findings of guilty. The argument takes two forms, both of which are based upon the quantity of marihuana discovered in the clothing of the accused. The evidence shows that on separate days certain clothing of each accused was seized from their wall lockers in their respective quarters at Chateauroux Air Station, France, by an agent of the Office of Special Investigations. The clothing was sent to, and examined by, the Military Police Crime Laboratory in Frankfurt, Germany. Marihuana was found in the pockets of three garments belonging to Alvarez; the total quantity was less than one gram. The pockets of two shirts belonging to Ethridge contained the same substance in a total quantity of "one gram or less." Appellate defense counsel maintain that the amount of marihuana found is "so minute as to be incapable of the evil guarded against, i.e., it is neither useable nor transferable, it cannot reasonably be construed as falling within the purview of the crime of possession." They maintain that there is "little doubt" that a case as "flimsy" as the present "would never have been brought to trial" in the civilian courts because of the doctrine of *de minimis non curat lex.*

Both the purpose of the prohibition and the reported Federal cases are opposed to counsel's contention. The evil guarded against in cases of this kind is not merely use or transferability of the prohibited substance. Also prohibited is wrongful possession. United States v Lampkins, 4 USCMA 31, 15 CMR 31. If the substance found in the accused's possession is identified as one of the prohibited class, the amount possessed is immaterial. Thus, in United States v Adelman, 107 F 2d 497 (CA 2d Cir) (1939), the defendant was convicted *inter alia* of concealing three grains of morphine.[1] The drug was scraped from a pair of scales and a box cover. The entire scraping was consumed in the test that was made to determine the nature of the substance. Similarly, in Benedicto Lebrón v United States, 241 F 2d 885 (CA 1st Cir) (1957), the defendant was tried for the concealment of heroin. Two capsules were taken from him and subjected to an analysis which consumed the contents. Positive indications of the presence of heroin were found but no evidence of a specific quantity was introduced at the trial.

[1] 15.432 grains are equal to one gram.

26

Nevertheless, the accused's conviction was affirmed by the Court of Appeals. See also Catalanotte v United States, 208 F 2d 264 (CA 6th Cir) (1953); One 1951 Mercury Club Coupe v United States, 211 F 2d 136 (CA6th Cir) (1954); accord, People v Jones, 113 Cal App 2d 567, 248 P 2d 771. Cf. People v Cole, 113 Cal App 2d 253, 248 P 2d 141.

The second aspect of the accused's claim of insufficiency is that the amount of marihuana found is so small it "refutes any inference that the possessor knew of its presence." To sustain a conviction for possession it must, of course, appear beyond a reasonable doubt from the evidence that the accused had conscious knowledge of the presence of the prohibited substance. United States v Hughes, 5 USCMA 374, 17 CMR 374. Knowledge may be inferred from the fact of possession. To give added weight to the inference, the prosecution introduced the pretrial statement of each accused in which he admitted that for a period of time, which purportedly ended some months previous to the instant charge, he had possessed and smoked marihuana cigarettes. See Stein v United States, 166 F 2d 851 (CA 9th Cir) (1948). In substance, the theory of the defense was that the accused could not possibly have been aware of the presence of so small a quantity of marihuana, because of the period of time which had elapsed since they last smoked a cigarette con-taining that substance. The question of knowledge is one of fact for the triers of fact. United States v Hughes, United States v Adelman, both supra. Here the issue was submitted to the court-martial under appropriate instructions. The court could consider that marihuana was discovered in the pockets of several garments belonging to each accused; that the respective garments were in the wall locker in the quarters of each accused; and that each accused admitted he had previously possessed and smoked a substantial number of marihuana cigarettes in a relatively short period of time. In our opinion, this evidence is sufficient to support the court-martial's finding of conscious knowledge of the presence of the marihuana found in the possession of each accused.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

Insofar as the principal opinion states that the amount of a narcotic in accused's possession is immaterial to his being found guilty upon the Charge, I concur.

However, I dissent from the majority opinion in its treatment of the common trial. The reasons for my dissent have been set out in my dissenting opinion in the case of United States v Williams, 10 USCMA 33, 27 CMR 107.