UNITED STATES, Appellee

v

LEONARD NABORS, Airman Third Class, U. S. Air Force, Appellant

10 USCMA 27, 27 CMR 101

No. 11,722

Decided November 14, 1958

*Captain John H. Leonard* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Sam F. Carter,* and *Lieutenant Colonel Robert O. Rollman.*

*Lieutenant Colonel James R. Thorn* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Robert W. Michels,* and *Lieutenant Colonel John F. Hannigan.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was tried by general court-martial at Chateauroux Air Station, France, on a charge and specification alleging wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was found guilty and sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for nine months. The convening authority suspended the discharge but otherwise approved, and this sentence was in turn affirmed by the board of review.

The salient facts are as follows: On August 15, 1957, after being duly apprised of his rights, the accused executed a written statement in connection with a full-scale narcotics investigation. In that document he stated *inter alia* that he had entered the Air Force in January 1956 and had arrived in France in July of that year; that he was familiar with and had used

28

marihuana prior to his enlistment but had not used it again until he was on pass in Paris; that after his arrival in France he was sent to Chateauroux Air Station; and that he had not smoked marihuana while located there, but on one or two occasions he had marihuana cirgarettes in his possession. He sought to exculpate his admitted possession by contending that at such times he was merely a carrier between a prostitute in Chateauroux and a fellow-airman. His testimony at trial revealed that these incidents took place in the latter part of 1956 or early 1957.

On September 11, 1957, about four weeks after accused had made his statement, an agent of the Office of Special Investigations made a search of his quarters. This search was in all respects legal and conducted after the accused had been properly warned. The agent seized certain clothing which was sent to the Military Police Crime Laboratory at Frankfurt, Germany, with a request that it be examined for narcotic material. The analyst collected between 100 and 300 milligrams of marihuana in two of the suits, a quantity sufficient for positive identification and which, according to the testimony, would cover about one-half of a fingernail.

At trial, accused testified he had never been in possession of marihuana while wearing either of the garments. In addition, there was testimony by a number of his friends—all of whom had been convicted of possessing marihuana—that it was common practice to borrow clothing within this circle of associates and that several of them had come in "contact" with marihuana while wearing the suits in question.

In granting the petition for review of this case, we limited the issue to whether the evidence showing possession of a minute quantity of marihuana was sufficient to sustain a finding of the knowing possession of the contraband. To support his contention that the evidence was insufficient, the argument of appellate defense counsel is essentially two-pronged. His first contention is that to "possess" a narcotic drug in violation of law, an accused must have conscious knowledge of its presence. The argument continues that the accused could not have knowingly and consciously possessed this relatively small quantity of marihuana. This assertion has been decided adversely to the accused in the companion case of United States v Alvarez, 10 USCMA 24, 27 CMR 98, and no further discussion is considered necessary.

The second prong of appellate defense counsel's argument is essentially that the amount of marihuana found in the possession of the accused was too small to constitute conduct to the prejudice of good order and discipline or of a nature to bring discredit on the Armed Forces, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, citing United States v Greenwood, 6 USCMA 209, 19 CMR 335. The wrongful possession of marihuana has been consistently recognized by this Court as an offense contrary to Article 134 of the Uniform Code of Military Justice. United States v Kellum, 1 USCMA 482, 4 CMR 74; United States v Lampkins, 4 USCMA 31, 15 CMR 31; United States v Hughes, 5 USCMA 374, 17 CMR 374. See also paragraph 213a, Manual for Courts-Martial, United States, 1951. The line of reasoning advanced by appellate defense counsel to escape these holdings fails to take into account the reasonable inferences that the court members could make once they had determined that accused's possession of the marihuana was conscious and knowing. United States v Grier, 6 USCMA 218, 19 CMR 344. Certainly, it ignores the obvious fact that the particles found were remnants which had separated from larger quantities of the drug accused had handled and that the contraband was found in different articles of his clothing. Accused's pretrial statement and his in-court testimony admitted the prior possession of a number of cigarettes packed with the drug. Therefore, whether his conduct in the light of this record was a disorder or discredit-

ing to the military was a question of fact to be determined by the court. United States v Williams, 8 USCMA 325, 24 CMR 135. The issue was presented with full and proper instructions and was determined adversely to the accused. This contention is, therefore, overruled.

However, one further matter demands scrutiny and necessitates that the case be returned to the board of review. In its memorandum opinion, the board of review stated in part: "He [the accused] had possession of marihuana cigarettes on one or two prior occasions during the two months preceding the time of the present offense." We think it clear from a reading of the opinion that the board was referring to the instances of possession admitted by the accused in his pretrial statement. Since we are unable to fix the time later than "early 1957," it appears that the board of review may have been mistaken as to this elapsed period. The board predicated its opinion, in part, on the inference that one who carries usable quantities of loosely packed marihuana in his clothing knows that particles will remain "for at least a reasonable time." We are uncertain whether the same inference would be drawn by the board if it used the longer period of time. For that reason and to obviate any doubt as to the board's determination, we return the case for reconsideration on the findings. United States v Moreno, 5 USCMA 500, 18 CMR 124.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force for action consistent with this opinion.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in the result):

I predicate my concurrence upon the court-martial's factual determination that accused's possession of the marijuana was conscious and knowing.

However, the following language in the majority opinion forces me to depart from its rationale:

". . . Certainly it ignores the obvious fact that the particles found were remnants which had separated from larger quantities of the drug accused had handled and that the contraband was found in different articles of his clothing."

The crime with which the accused was charged, and of which he was found guilty, was the *present possession* of the narcotic set forth in the specification and not a past possession. In my view, United States v Alvarez, 10 USCMA 24, 27 CMR 98, adequately disposes of the actual question raised in the present case.