UNITED STATES, Appellee

v

LANDON S. SMITH, Airman Third Class,
U. S. Air Force, Appellant

10 USCMA 31, 27 CMR 105

No. 11,755

Decided November 14, 1958

*Lieutenant Colonel Robert O. Rollman,* and *Captain John H. Leonard* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels,* and *Major Carl Goldschlager* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was tried by a general court-martial at Chateauroux Air Station, France, and was convicted of possessing one gram or less of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge, partial forfeitures, and confinement at hard labor for four months. The convening authority suspended the discharge but otherwise approved the findings and sentence, and the board of review affirmed.

For the purpose of this case, it is sufficient to limit our statement of facts to the following which are not in dispute. In connection with a full-scale narcotics investigation at the aforementioned Air station, certain articles of clothing belonging to the accused were seized and forwarded to a Military Police Crime Laboratory. Examination revealed the presence of 100 to 300 milligrams of marihuana in the pockets of two of the garments.

Appellate defense counsel contend before this Court that the evidence, namely, the amount of  marihuana found in possession of the accused, is legally insufficient to sustain the findings of guilt. We considered the same assignment of error in United States v Alvarez, 10 USCMA 24, 27 CMR 98, a companion case identical in all material respects, and determined it adversely to the accused. That case is dispositive of the issue contained herein. See also United States v Nabors, 10 USCMA 27, 27 CMR 101.

**31**

In his petition for a grant of review by this Court, accused makes a statement concerning a discussion with his trial defense counsel. He ends the statement by saying the information is submitted for whatever consideration it might merit. Appellate defense counsel contend that this statement is to all intents and purposes an assignment of error predicated on a claim of inadequate representation by trial defense counsel. We need not decide the question of whether the error is assigned before us properly for, assuming arguendo that such is the case, the facts averred do not raise an issue of inadequacy of counsel. United States v Hunter, 2 USCMA 37, 6 CMR 37.

The decision of the board of review is, therefore, affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result. However, insofar as the question of inadequacy of counsel is concerned, I predicate my action upon the record's failure to show such a lack of representation rather than upon United States v Hunter, 2 USCMA 37, 6 CMR 37.

In United States v Horne, 9 USCMA 601, 26 CMR 381, we expressly disapproved our earlier language in United States v Hunter, in the following language:

". . . In United States v Hunter, 2 USCMA 37, 6 CMR 37, this court said:

'After appointment of counsel, as required by the Code, an accused, if he contends his rights have not been fully protected, must reasonably show that the proceedings by which he was convicted were so erroneous as to constitute a ridiculous and empty gesture, or were so tainted with negligence or wrongful motives on the part of his counsel as to manifest a complete absence of judicial character.'

By that broad language we did not intend to be understood as saying that the highest degree of professional competency is not to be expected of an appointed defense counsel."

In United States v Kraskouskas, 9 USCMA 607, 26 CMR 387, we said:

"The constitutional right to effective assistance of counsel is not concerned with merely a procedural requirement but also demands a professional and requisite standard of skill. A fair standard of professional competence must be a necessary condition precedent with the professional undertaking of the defense of a person on trial for a crime. United States v Horne, 9 USCMA 601, 26 CMR 381."

There is ample civilian authority that a defendant has an inherent right to competent and professional legal advice.

"The question remains whether petitioner has had the effective assistance of counsel. 'The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.' Avery v Alabama, 1940, 308 US 444, 446, 60 S Ct 321, 322, 84 L ed 377. And in Powell v Alabama, supra, 287 US at page 71, 53 S Ct at page 65, 77 L ed 158, 84 ALR 527, the court held that where the duty to appoint counsel arises it 'is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case.'" [United States v Thompson, 56 F Supp 683 (SD NY) (1944).]

". . . And the Sixth Amendment, guaranteeing the accused in a criminal prosecution the assistance of counsel for his defense, means effective assistance. Powell v Alabama, 287 US 45, 68–71, 53 S Ct 55, 77 L ed 158, 84 ALR 527." [Thomas v District of Columbia, 90 F 2d 424 (CA DC Cir) (1937).]

"The right to the assistance of counsel is one of substance, and it is not satisfied by mere legalistic formality. Willis v Hunter, 10 Cir, 166 F 2d 721, certiorari denied, 334 US 848, 68 S Ct 1499, 92 L ed 1772;

Fields v Hunter, 10 Cir, 167 F 2d 547." [Snell v United States, 174 F 2d 580 (CA 10th Cir) (1949).]

". . . It is 'the solemn duty of the trial judge to make sure that representation is not an empty gesture, but is the fulfillment of the spirit and purpose of the constitutional mandate.' "[1] [Gadsden v United States, 223 F 2d 627 (CA DC Cir) (1955).]

"It would seem tolerably clear, that an accused is entitled, if he desires counsel, not only to be represented by one admitted to the bar, but to be represented by competent counsel,— by a capable practitioner." [Achtien v Dowd, 117 F 2d 989 (CA 7th Cir) (1941).]

See also Johnson v United States, 110 F 2d 562 (CA DC Cir) (1940); United States v Newman, 25 F 2d 357 (WD Wash) (1928).

Consequently, it is my view that the law of this Court now requires that an accused is entitled to a professional and requisite standard of skill in his representation before a court-martial. A failure to accord him this fundamental right will result in prejudicial error.

[1] Citing from Willis v Hunter, 166 F 2d 721, 722–723 (CA 10th Cir) (1948).