**UNITED STATES**

v.

**Staff Sergeant Robert L. GARDNER, FR 047–62–2525, United States Air Force.**

**ACM 27768.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 April 1989.

Decided 17 Oct. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Captain Mark R. Land and Lieutenant Colonel Thomas O. Maser, USAFR.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport; Major Terry M. Petrie; Captain Morris D. Davis and Major Charles E. Ambrose, Jr., USAFR.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Pursuant to mixed pleas, the appellant was convicted of a one day absence without leave and wrongfully possessing an "infinitesimal" amount of cocaine. He was sentenced to a bad conduct discharge, eight months confinement, total forfeitures, and reduction to airman basic.

The paramount issue before us is the sufficiency of the evidence establishing that appellant's possession of the drug was knowing and conscious. MCM 1984, Part IV, para. 37c(2). In this regard, the record discloses that on 11 October 1988, the ap-

pellant consented to a search of his person, quarters and car. The search of the automobile uncovered a small plastic bag, approximately one inch square, underneath the driver's seat. The appellant appeared "definitely surprised" at its discovery.

A laboratory analysis of the contents of the bag revealed *five micrograms* of cocaine, an amount so small that it could not be weighed. When asked to describe this quantity in layman's terms, an expert witness with a PhD in biochemistry, gave the following example: A package of Sweet and Low, an artificial sweetener, contains one gram or 1000 milligrams. You then divide one of the milligrams into one thousand equal portions each of which is one microgram. The amount of cocaine found in the bag was five one-thousandths of a milligram or five one-millionths of a gram.

The appellant denied, under oath, knowing that the plastic bag was in his car. It was stipulated that at least nine different persons had equal access to or had ridden as passengers in the appellant's vehicle. One witness stated he had a set of keys to the car.

■ Knowledge of possession may be inferred from the fact of possession, but an accused may escape an adverse finding to that effect if there is evidence which raises a reasonable doubt about his or her knowledge of its presence. The quantity of the controlled substance allegedly possessed is a factor to be considered in determining whether an accused had knowledge of its presence. Knowledge is a question of fact for the triers of fact. *United States v. Alvarez*, 10 U.S.C.M.A. 24, 27 C.M.R. 98 (1958); *United States v. Washington*, 9 U.S.C.M.A. 313, 26 C.M.R. 93 (1958). Our holding to day is a factual determination mandated by Article 66(c) of the Uniform Code of Military Justice, 10 U.S.C. § 866(c) that we must be convinced beyond a reasonable doubt of an accused's guilt before affirming his conviction, taking into consideration that the lower court saw and heard the witnesses.

■ Those who read this decision should be mindful that the minuteness of the quantity of cocaine found in the appellant's car is relevant only as to whether he knew it was there. The possession of a controlled substance is a violation of the Code without regard to amount possessed. *United States v. Nabors*, 10 U.S.C.M.A. 27, 27 C.M.R. 101 (1958); *United States v. Alvarez, supra; United States v. Burns*, 37 C.M.R. 942 (A.F.B.R.1967); *United States v. Owens*, 36 C.M.R. 909 (A.F.B.R. (1966). Thus, were we satisfied beyond a reasonable doubt that the bag under the appellant's car seat was his and he knew it contained cocaine, we would be fully justified in affirming his conviction.

■ However, we are unable to reach that conclusion on the facts before us. As we mentioned, a search of the appellant's car disclosed a small plastic bag, about one inch square, that contained a microscopic amount of cocaine. The appellant denied under oath any knowledge of the bag or its contents, and offered unrebutted evidence that at least nine other persons had access to his car. On these facts, we are simply not convinced beyond a reasonable doubt that the appellant knew the bag was there, and that it contained five one-millionths of a gram of cocaine. Article 66(c), UCMJ. Accordingly, the Specification of Charge I is set aside and dismissed.

■ Reassessing the sentence in light of the action just taken, and in light of the remaining offense, and taking into consideration the appellant's prior disciplinary record which includes a non-judicial punishment for driving while intoxicated, we find appropriate only so much of the approved sentence as provides for a reduction to the grade of E–3 and the forfeiture of $350.00. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

Judges SPILLMAN and PRATT, concur.