UNITED STATES

v.

**Senior Airman Billy R. BIRBECK, FR493–70–4636 United States Air Force.**

**ACM 29144.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Nov. 1990.

Decided 21 July 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain David D. Jividen.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis and Major Paul H. Blackwell, Jr.

Before PRATT, CONNELLY, and STUCKY, Appellate Military Judges.

## OPINION OF THE COURT

STUCKY, Judge:

Senior Airman Billy R. Birbeck was convicted, on his conditional plea of guilty,[1] of one specification of wrongful possession of cocaine, in violation of the UCMJ, Article 112a.[2] He was sentenced, by a general court-martial which included enlisted members, to a bad-conduct discharge, confinement for 6 months, total forfeitures, and reduction to E–1. The convening authority affirmed the sentence as adjudged.

On appeal, Birbeck asserts three errors. First, he claims the military judge erred in not suppressing Prosecution Exhibits 1 and 3, a "bindle" confiscated from the appellant and the laboratory test results showing that it contained cocaine. Second, he argues that the military judge erred in not requiring the government to produce litigation reports on two negative urinalyses. Finally, he claims that his sentence is inappropriately severe. Finding merit in none of these assertions, we affirm.

On 13 March 1990, the appellant was driving his car near Travis AFB, California, when a wheel came off and rolled into the oncoming lane, where another car ran over it. Although no one was injured, the police were summoned. Officer Randall K. Pitts, a policeman employed by the City of Fairfield, responded. In the course of investigating the accident, Officer Pitts asked the appellant to produce his driver's license. The appellant pulled a wallet from his pocket and removed a stack of cards. Officer Pitts immediately noticed a paper bindle on the top of the stack.[3] The appellant quickly turned the stack over, went through the cards, and produced the license while concealing the cards in his other hand. Officer Pitts, an experienced policeman, recognized the bindle as an item normally used for the carrying of illicit drugs. He asked the appellant to produce it. The appellant, after stating, "What bindle?", did so.

1. Although R.C.M. 910(a)(2) requires that the right being preserved by a conditional plea (i.e., the right to further review of a specified pretrial motion or motions) be in writing, no such document appears in this record. As discussed in the concurring opinion, we will nevertheless treat the conditional plea as properly entered.

2. 10 U.S.C. § 912a.

3. A "bindle" is a small folded paper container, normally oblong, frequently used to conceal illicit drugs.

Upon opening it, Officer Pitts found a small quantity of white powder which he suspected to be cocaine. He then apprehended the appellant. Because the appellant was an Air Force member, he was turned over to the Air Force Office of Special Investigations for action, together with the evidence. A test by the Army's drug laboratory at Fort Gillem, Georgia, revealed that the white powder was cocaine; the quantity present was entirely consumed in testing.

## I

 In California, the possessor of a controlled substance such as cocaine must have a quantity sufficient to be "usable" in order to be convicted of such possession. *People v. Leal*, 64 Cal.2d 504, 50 Cal.Rptr. 777, 413 P.2d 665 (1966). The appellant urges us to apply this "usable quantity" principle to Officer Pitts' seizure of the bindle. He asserts, without citation, that the substantive law of California determines what is contraband here, and that, since the quantity of cocaine in the bindle was not "usable," there was no contraband and hence no lawful seizure. We decline to adopt this reasoning. Mil.R.Evid. 311(c)(2) does not apply State law in such situations, but federal law:

> (c) Nature of search or seizure. A search or seizure is "unlawful" if it was conducted, instigated, or participated in by ... [o]ther officials or agents of the United States, of the District of Columbia, or of a State, Commonwealth, or possession of the United States or any political subdivision of such a State, Commonwealth, or possession *and was in violation of the Constitution of the United States, or is unlawful under the principles of law generally applied in the trial of criminal cases in the United States district courts involving a similar search or seizure....* (Emphasis added).

The "usable quantity" principle is not recognized in trials in the United States district courts or in courts-martial. *United States v. Jeffers*, 524 F.2d 253 (7th Cir. 1975); *United States v. Blackston*, 940 F.2d 877 (3rd Cir.1991); *United States v. McNeese*, 901 F.2d 585 (7th Cir.1990); *United States v. Burns*, 37 C.M.R. 942 (A.F.B.R.1967); *United States v. Bennett*, 3 M.J. 903 (A.C.M.R.1977). The possession of a controlled substance such as cocaine is a violation of the Code without regard to the amount possessed. *United States v. Alvarez*, 10 U.S.C.M.A. 24, 27 C.M.R. 98 (1958); *United States v. Nabors*, 10 U.S.C.M.A. 27, 27 C.M.R. 101 (1958); *United States v. Gardner*, 29 M.J. 673 (A.F.C.M.R.1989). Therefore, the appellant's contention is, as a matter of law, fundamentally flawed.

 It is true that the quantity of contraband possessed is a factor to be considered in determining whether the appellant *had knowledge* of its presence. *Gardner, supra.* Of course, under appropriate circumstances the presence of a controlled substance can permit a logical inference that it was knowingly possessed. *United States v. Mance*, 26 M.J. 244 (C.M.A.1988). This is such a case. The cocaine was not, as in *Gardner*, found in a place where it might reasonably have been placed by another. Rather, it was in the appellant's wallet, a very personal place subject to his exclusive control. The small amount present cannot overcome the logical inference of knowing possession which the location of the contraband raises. The military judge properly denied the motion to suppress.

## II

The appellant's second contention is that the military judge erred in denying a defense motion to produce litigation reports stemming from two negative urinalyses of samples provided by the appellant on 22 February and 13 March 1990, or to produce certain laboratory documents relating to those same urinalyses. The appellant provided a urine sample in a random urinalysis on 22 February 1990, which tested negative for the metabolite of cocaine. After his apprehension on 13 March 1990, the appellant was directed to provide another sample. This was sent to the Air Force laboratory at Brooks AFB, Texas, but the con-

tainer, upon arrival, showed signs of tampering, and therefore, under Air Force regulations, was not to be tested. It was tested in error, however, and was also negative.

■ With respect to the litigation reports, the military judge was clearly correct, since no such reports had been prepared. Generally, the government has no responsibility to create records to satisfy demands for them. *Kissinger v. Reporters' Committee for the Freedom of the Press,* 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). There can be no discovery of documents or things not in the Government's possession. *United States v. Parhms,* 424 F.2d 152 (9th Cir.1970); *Moore v. United States,* 376 F.2d 32 (8th Cir.1967); *United States v. Scharf,* 267 F.Supp. 19 (S.D.N.Y.1967).

■ The defense later refined its request to one for the laboratory documents relating to the two tests insofar as they would state whether they revealed any cocaine metabolite below the Department of Defense cutoff level. While we have held that it was error to exclude evidence of a negative urinalysis when it was taken at a time relevant to alleged drug use, *United States v. Johnson,* 20 M.J. 610 (A.F.C.M.R. 1985), this is not such a case. The government here did provide the defense with the negative urinalysis results. *United States v. Sutton,* 31 M.J. 11 (C.M.A.1990). The defense request, however, was for the specific nanogram level in the tests, which is fundamentally irrelevant in a possession case except possibly in rebuttal. The government eschewed any intent of using the negative results in any fashion which might have opened the door to such rebuttal, and was cautioned by the military judge that such argument would not be allowed in any event.[4] Moreover, the first test was arguably too far separated in time from the alleged possession, *see United States v. Farrar,* 25 M.J. 856 (A.F.C.M.R. 1988), and the second test, which was con-

temporaneous with possession, showed evidence of tampering which, of course, radically undercuts its probative value. Given these facts, the military judge did not err in denying the discovery request.

### III

■ The appellant's final assignment of error is that his sentence is inappropriate. He argues that, in light of his unblemished prior record, a bad-conduct discharge is "much too severe." The appellant, at the time of his offense, was a noncommissioned officer with over 3 years' service, plus several additional years in the Air National Guard. He was well aware of his responsibilities as a noncommissioned officer and the seriousness of drug abuse in the military setting. After considering the facts and circumstances of the offense of which he was convicted and the entire record, we find his sentence to be appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Standifer,* 31 M.J. 742 (A.F.C.M.R.1990); *United States v. Medley,* 30 M.J. 879 (A.F.C.M.R.1990); *United States v. Holt,* 28 M.J. 835 (A.F.C.M.R. 1989). The findings and the sentence are

AFFIRMED.

Judge CONNELLY concurs.

PRATT, Senior Judge (concurring):

I concur with the lead opinion in all respects, but take this opportunity to discuss a recurring problem with the inappropriate use of conditional guilty pleas. This case presents two distinct problem areas.

First, as duly noted by the staff judge advocate in his post-trial recommendation to the convening authority, neither the accused's offer to conditionally plead guilty nor the government's consent thereto was reduced to writing as called for by R.C.M. 910(a)(2) and Air Force Regulation 111–1, *Military Justice Guide,* para. 12–8c (30 Sep 1988). The requirement that the agreement (offer and acceptance) be in

---

**4.** Such offensive use of negative urinalysis evidence would, if allowed, be reversible error. *United States v. Arguello,* 29 M.J. 198 (C.M.A. 1989). Even in rebuttal, the government cannot use evidence of specific nanogram levels which are below Department of Defense cutoff levels. *United States v. Gray,* 30 M.J. 231 (C.M.A.1990).

writing insures that there is a clear understanding, by both the accused and the government, of exactly what the guilty plea is conditioned upon and, in turn, enables the government and the military judge to make thoughtful, reasoned determinations of the propriety of consenting to and approving the plea, respectively, under those conditions. Were the lack of a writing to result in a material ambiguity, we might be called upon to vacate the plea. *See United States v. Wong Ching Hing,* 867 F.2d 754 (2d Cir.1989). We choose not to apply that sanction here inasmuch as the record makes sufficiently clear the agreement of the parties:

> MJ: Now as indicated, your counsel has entered these pleas on the condition that the motions to suppress and produce documents are preserved, and the government has accepted that. So you do not waive those motions. Do you understand this?
>
> ACC: I understand.

Where, as here, the record clearly reflects both the conditional terms of the plea and that both the government and the military judge, in addition to the accused, agreed thereto, the absence of a separate written agreement does not foreclose recognition of the conditional plea. *United States v. Yasak,* 884 F.2d 996 (7th Cir.1989). However, we urge trial participants to heed the above-cited requirement of the Manual for Courts–Martial and the regulation calling for written evidence of the agreement authorizing conditional pleas. We warn that failure to comply with this requirement *could* result in a finding that the plea was improvident. *See United States v. McLaren,* 34 M.J. 926 (A.F.C.M.R.1992).

The second, and more troublesome, problem presented by this case is that the government has consented to a conditional guilty plea on an issue—the discovery issue—which is not case-dispositive. We have in the past warned staff judge advocates and military judges about accepting conditional pleas in such situations, because to do so invites piecemeal appeals, appellate confusion, and possible advisory opinions on moot issues. *United States v. Phillips,* 32 M.J. 955 (A.F.C.M.R.1991).

The purpose of a conditional guilty plea is to conserve judicial and government resources by dispensing with a fully litigated trial when the only real issue is determined in a pretrial motion. Analysis, MCM, United States, 1984, Appendix 21, R.C.M. 910(a), p. A21–52. Yet this purpose is only accomplished when military judges and staff judge advocates insure that such pleas are only permitted when the issue preserved for appeal is case-dispositive. *See United States v. Wong Ching Hing, supra; United States v. Burns,* 684 F.2d 1066 (2nd Cir.1982), *cert. denied,* 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983).

The advisory committee note on the corollary Fed.R.Crim.P. 11(a)(2) explains:

> As for consent by the government, it will ensure that conditional pleas will be allowed only when the decision of the court of appeals will dispose of the case either by allowing the pleas to stand or by such action as compelling dismissal of the indictment or suppressing essential evidence. Absent such circumstances, the conditional plea might only serve to postpone the trial and require the government to try the case after substantial delay, during which time witnesses may be lost, memories dimmed, and the offense grown so stale as to lose jury appeal. The government is in a unique position to determine whether the matter at issue would be case-dispositive, and, as a party to the litigation, should have an absolute right to refuse to consent to potentially prejudicial delay.

Notes of the Advisory Committee on Rules, *reprinted at* 18 U.S.C.A., Rule 11, p. 359, 360. In this case, discussion on the record makes it abundantly clear that the accused's plea was conditioned on both his motion to suppress the cocaine bindle and resultant lab report *and* his motion to compel discovery of the nanogram level of two negative urinalyses. Preservation of the first motion was appropriate inasmuch as successful suppression of the evidence would have been case-dispositive. The second motion, on the other hand, fell far short of being case-dispositive; indeed, it sought the discovery of information which

would have had very limited, if any, relevance on the issue of the accused's guilt of possessing cocaine. Yet, had the appellant prevailed on this latter appellate issue, he would have been entitled, in accordance with R.C.M. 910(a)(2), to withdraw his guilty plea and proceed belatedly with a contested trial, *despite the fact that the discovered information might very well have played no role whatsoever in the trial of the case (or in a potential "retrial").*

Once again, we encourage the various trial participants to insure that conditional pleas are used properly, both procedurally and substantively. Inappropriate use of this special plea undermines the very purpose it is designed to serve.