**UNITED STATES, Appellee,**

**v.**

**Private E2 Oscar L. HALL, 151–68–9102, United States Army, Appellant.**

**ACMR 9201381.**

U.S. Army Court of Military Review.

25 Feb. 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain John P. Saunders, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

---

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of seven specifications of failure to repair, two specifications of absence without authority, one specification of willful disobedience of a noncommissioned officer, and one specification of driving while intoxicated, in violation of Articles 86, 91, and 111, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, and 911 (1982) [hereinafter UCMJ]. Contrary to his pleas, he was found guilty as an accessory after the fact to an assault, conspiracy to commit housebreaking and larceny, wrongful possession of marijuana, two specifications of larceny, two specifications of unlawful entry, and false swearing, in violation of Articles 78, 81, 112a, 121, 130, and 134, UCMJ. He was sentenced to a dishonorable discharge, confinement for fifty-seven months, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

Appellant attacks the findings of guilty to the offenses of accessory after the fact and possession of marijuana. He asserts that the evidence is legally and factually insufficient to support the findings of guilty to the two offenses. We disagree and affirm.

Appellant's soldier companion, Private Blacks, was in an altercation near a shoppette located on the military installation. Blacks pointed a pistol at another person who was sitting in a vehicle. After seeing Blacks point the pistol, an off-duty military policeman entered the shoppette in order to call the military police. When he left the shoppette, he saw Blacks in the passenger seat of a car. The car "was leaving rather rapidly." A short time later, the vehicle was stopped by the military police. Appellant was the driver of the car, Blacks was in the front passenger seat, and three females were in the back seat. Upon a search of the car, the pistol was found on the passenger side of the car. A bag of marijuana was found under the driver's seat "close to the front part of the seat."

Appellant's girlfriend, Lenora, testified on his behalf. She testified that she was in the back seat of the car. She saw Blacks point the pistol at someone. She testified that one of the other females tried to pull Blacks in the car while saying, "Come on, let's go." She testified that appellant said, "Man, if you don't get in the car, I'm going to leave you." She also testified that, when stopped by the military police, one of the other girls in the car, Paulette, said, "Oh, no, I have this marijuana" and displayed the bag. Paulette then placed the bag under the driver's seat of the car. Appellant's girlfriend testified that she did not give this information to the military police at the time because she was in shock, was scared, just wanted to leave, and didn't want to get involved.

A military policeman testified that the other two women in the car gave their names as Karen and Janet. No person in the car was identified as Paulette.

■ Addressing appellant's challenge to the legal sufficiency of the evidence, the test is whether, considering the evidence in the light most favorable to the government, a reasonable factfinder could have found all the essential elements of the offenses beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Applying this test, we find the evidence legally sufficient to support the findings of guilty to the offenses of accessory after the fact to assault and to possession of marijuana.

Addressing appellant's challenge to factual sufficiency of the evidence, the test is whether, after weighing the evidence and making allowances for not having personally observed the witnesses, we are convinced beyond a reasonable doubt of appellant's guilt of the offenses. *See* UCMJ art. 66(c), *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

In relation to the offense of being an accessory after the fact, we find as a matter of fact:

a. That Blacks committed the offense of assault by pointing a pistol at another, which is punishable by the UCMJ;

b. That the assault was observed by another individual in the car occupied by appellant and the reasonable inference is that appellant also knew of the assault;

c. That the appellant encouraged Blanks to get into the car by stating that if he did not he would leave him;

d. That appellant drove away rather rapidly; and

e. That appellant drove away from the scene of the assault for the purpose of preventing the apprehension of Blanks.

We are convinced beyond a reasonable doubt of appellant's guilt of being an accessory after the fact to the assault.

In relation to the offense of wrongful possession of marijuana, appellant only contests the element of knowing and conscious possession. We find as a matter of fact:

a. That 4.2 grams of marijuana was found under the front part of the seat of appellant's car, which he had been occupying; see *United States v. Gardner*, 29 M.J. 673, 675 (A.F.C.M.R.1989) (the quantity of the marijuana possessed is a factor in determining whether an accused had knowledge of its presence);

b. That the car was under appellant's dominion and control;

c. That the testimony of appellant's girlfriend that "Paulette" placed the marijuana under the seat was not credible;

d. That the place the marijuana was found was more accessible to appellant than any other person in the car;

e. That the marijuana was under the dominion and control of appellant; and

f. That appellant's possession of the marijuana was knowing and conscious. *See* *United States v. Alvarez*, 10 U.S.C.M.A. 24, 27 C.M.R. 98 (1958); *United States v. Washington*, 9 U.S.C.M.A. 313, 26 C.M.R. 93 (1958); *Gardner*, 29 M.J. at 675 (knowledge is a question of fact).

We are convinced beyond a reasonable doubt of appellant's guilt of the offense of possession of marijuana.

The remaining assertions of error, to include those personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.