UNITED STATES, Appellee

v.

EMANUEL M. BODENHEIMER, Private E-2,
U. S. Army, Appellant

2 USCMA 130, 7 CMR 6

·No. 676

Decided January 19, 1953

Charles G. Thomas, Esq., Edward A. Haggerty, Jr., Esq., 1ST LT. John W. Fuhrman, U. S. Army, and 1ST LT. William S. Maxwell, U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Eugene L. Grimm, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This case is before us on petition by the accused, who was tried by general court-martial on September 7, 1951, at APO 24, Ascom City, Korea. He was found guilty as charged and was sentenced to a dishonorable discharge, total forfeitures and confinement at hard labor for fifteen years. Army reviewing authorities have upheld the findings and sentence.

Petitioner was charged with unauthorized absence for the periods from January 22, 1951, to February 25, 1951; from April 11, 1951, to May 24, 1951; and from July 22, 1951, to July 23, 1951. He was also charged, jointly with Privates William J. Smith and Maurice W. Tufts, of the theft of a motor vehicle, property of the United States Army.

When the convening authority referred the above charges to the general court-martial which tried the accused, he also referred two additional sets of charges involving Smith and Tufts. All three persons were members of the same organization. A common trial was ordered by the convening authority for all three accused and all charges. Smith was charged with the joint offense of larceny set forth above; with an unauthorized absence for the period July 22 to July 23, 1951; and with an unauthorized absence for the period July 10 to July 18, 1951. Tufts was charged with the joint offense of larceny set forth above; with an unauthorized absence for the period July 22 to July 23, 1951; and, in addition, with misbehavior before the enemy on June 26, 1951. The charges against petitioner Bodenheimer have been set out, supra.

The court-martial found all accused guilty as charged. Smith was sentenced to be dishonorably discharged

**131**

from the service, to forfeit all pay and allowances and to be confined at hard labor for ten years. Tufts was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances and to be confined at hard labor for twenty years.

We granted the accused's petition for review limited to the issue of whether the common trial in this case prejudiced the substantial rights of the accused, Bodenheimer—the only one of the three accused who has brought his case to this Court.

The Uniform Code of Military Justice makes no provision for common trial. However, paragraph 33(1) of the Manual for Courts-Martial, United States, 1951, provides as follows:

"If two or more persons are charged with the commission of an offense or offenses which, although not jointly committed (26d), were committed at the same time and place and are provable by the same evidence, the convening authority may in his discretion direct a common trial for such offenses only. Offenses charged against different accused which are not closely related should not be tried in a common trial, notwithstanding the fact that some other offenses with which each accused is charged may be closely related. See 69d (Motion to sever). For example, when A and B are each charged with larcenies alleged to have been committed at the same time and place, and B is also charged with an aggravated assault alleged to have been committed several days later, the assault specification against B should not be tried in a common trial, although the charges of larceny may properly be tried at such a trial. The convening authority may exercise his discretion in determining the order in which such charges shall be tried."

The paragraph is discussed at some length in the Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951:

"The provision permitting the trial of two or more accused at a common trial is based on rules 8b and 13 of the Federal Rules of Criminal Procedure.

"It is emphasized that the exercise of discretion by the convening authority as to whether he shall order a common trial is limited to proper cases. He cannot order a common trial unless it involves offenses which were committed at the same time and place and are generally provable by the same evidence. If he directs a common trial of several accused, against some of whom there are charges which are separate and distinct from those against others, it would be prejudicial error to deny a motion for severance. However, he may strike out such separate offenses in order to permit trial of common offenses at a common trial. Thereafter, if the case warrants such action, he may revive the charges which were stricken and refer them to a court for a separate trial."

It is clear that the drafters of the Manual for Courts-Martial, United States, 1951, intended to base the military common trial procedure upon the provisions of the Federal Rules of Criminal Procedure. So far as pertinent, those Rules provide as follows:

Rule 8a, Federal Rules of Criminal Procedure, 18 USC.

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Rule 8b, Federal Rules of Criminal Procedure, 18 USC.

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts

132

together or separately and all of the defendants need not be charged in each count."

Rule 13, Federal Rules of Criminal Procedure, 18 USC.

"The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

All of these provisions set out relatively clear limitations upon the use of a common trial. This type of trial procedure can be used only where the offenses are closely related, where they are committed at the same time and place, and where they are provable by the same evidence.

Applying the above rule to the offenses consolidated in the case at bar, it is immediately clear that a common trial should not have been utilized. While the single trial for the joint larceny offense and for the common absence without leave from July 22, 1951, to July 23, 1951, may have been proper, the misbehavior charge involving Tufts and the other charges concerning absences without leave involving both Bodenheimer and Smith are entirely unrelated. The offenses were not committed at the same time and place and they were not provable by the same evidence. It follows that error was committed by ordering a common trial. The discretion vested in the convening authority to order common trials for the convenience of the Government must be exercised within the limitations imposed by the Manual for Courts-Martial, supra, for the protection of the accused. These limitations are based upon the sound policy that a defendant's fate at trial should not be exposed to the possibility of prejudice generated by proof of the unrelated criminal acts of others. See District of Columbia v. Hunt (1947) 163 F2d 833 (CA DC Cir) ; McElroy v. United States (1896) 164 US 76, 41 L ed 355, 17 S Ct 31.

The question remains of whether this error was waived by the failure of the accused to request severance. No objection to the common trial was raised below. Paragraph 69a of the Manual, supra, makes it abundantly clear that misjoinder in a common trial is waived if not asserted prior to plea, but that the court may grant relief from the waiver. By the court, we think the drafters clearly intended to specify the trial court, and not appellate tribunals. If this paragraph be applied, therefore, these accused have waived their right to raise objection to the improper joinder in common trial. We perceive no reason why the accused should not be required to object or make appropriate motion in a situation such as this. See United States v. Dupree (No. 364), 5 CMR 93, decided September 9, 1952; United States v. Minor (No. 315), 4 CMR 89, decided July 30, 1952; United States v. Masusock (No. 15), 1 CMR 32, decided November 9, 1951. The only exception which, in our opinion, will avoid the effect of failure to raise appropriate objection to common trial would be where finding a waiver would result in a manifest miscarriage of justice. This is not such a case. The issues of fact and law were not complicated, and the number of witnesses testifying was not large. There were no inconsistent defenses or divergent interests as between the several accused, and a careful scrutiny of the record indicates that each accused was fully and adequately represented by defense counsel. There is no indication that the accused were either confused or misled by the joinder. Considering all these circumstances, we cannot say that finding a waiver here results in anything approaching a substantial miscarriage of justice.

The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.