## UNITED STATES, Appellee

v

## RONALD L. WILLIAMS, Basic Airman, U. S. Air Force, Appellant

### 10 USCMA 33, 27 CMR 107

### No. 11,855

### Decided November 14, 1958

*Lieutenant Colonel Philip J. Williamson* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Sam F. Carter,* and *Lieutenant Colonel Robert O. Rollman.*

*Lieutenant Colonel James R. Thorn* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The appellate is one of ten airmen who were tried and convicted at a common trial for wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. On review, a board of review set aside the findings of guilty as to all accused, except the appellant, on the ground that the evidence did not show conscious knowledge of the presence of the prohibited substance. As to the appellant, the board of review concluded the possession of a "partly-

**33**

filled marihuana cigarette, which is unusual and distinctive in appearance and of such size as not to be readily overlooked" was sufficient to establish beyond a reasonable doubt conscious knowledge of possession.

Before this Court, the accused contends it was prejudicial error to order a common trial of ten accused, each of whom was charged individually and separately with the possession of marihuana. In principle, it is indeed error to direct a common trial for cases as separate and distinct as those tried below. United States v Alvarez, 10 USCMA 24, 27 CMR 98, decided this date. However, the record of trial affirmatively shows that the accused's civilian counsel, one of whom was a a member of the Bar of the highest court of the State of New York and of the United States Court of Appeals for the Second Circuit, and the other a member of the Bar of the highest court of the State of Pennsylvania and of the Bar of the United States Supreme Court, agreed with trial counsel before trial to hold a common trial. It was on the basis of that agreement that the convening authority directed the ten cases be tried in common. At trial, it was represented that the agreement was made to expedite the trial of the cases, because certain witnesses were coming from other stations. The challenge proceedings indicate a further reason for the defense's consent to the joinder. Defense counsel maintained that a member of a court-martial "who has sat on a hearing of facts on a similar or companion case,[1] is under a conscious or unconscious pressure to hold similarly in a case involving the same set of circumstances, and, in many respects, the same witnesses." This assumption was made the basis for challenge of several members of the court-martial because they had acted as court members in earlier cases against other accused for similar offenses. Consequently, there is present here not simply a failure to object, but a positive agreement to a trial in common. The accused cannot turn his own affirmative consent at the trial into a ground for reversal on appeal. See United States v Jones, 7 USCMA 623, 23 CMR 87.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

As the principal opinion indicates, each of the ten accused was charged individually and separately with the possession of marijuana. In United States v Bodenheimer, 2 USCMA 130, 7 CMR 6, after discussing various Federal Rules of Criminal Procedure, 18 USC, we said:

"All of these provisions set out relatively clear limitations upon the use of a common trial. This type of trial procedure can be used only where the offenses are closely related, where they are committed at the same time and place, and where they are provable by the same evidence."

In that case, which involved a larceny committed jointly by various accused, some of whom were charged with unauthorized absences for different periods and two with the theft of a motor vehicle, we found waiver inasmuch as misjoinder was not asserted prior to the pleas. However, we added the qualification: "The only exception which, in our opinion, will avoid the effect of failure to raise appropriate objection to common trial would be where finding a waiver would result in a manifest miscarriage of justice."

We there pointed out the number of witnesses was not large, there were no inconsistent defenses or divergent interests, each of the accused was fully and adequately represented, and there was no indication that the accused were either confused or misled. Such circumstances do not appear in the voluminous record now before us. Suffice it to say that here ten individuals were charged with possession of narcotics

---

[1] Defense counsel considered the cases as "similar and related" because the "same officers . . . preferred the charges, [and] the same investigation was conducted by the same personnel."

34

in different amounts, at different times, at different places, and under different circumstances. Our remarks relative to the exercise of waiver by trial defense counsel made in United States v Polak, 10 USCMA 13, 27 CMR 87, are indeed pertinent in the present circumstances. Such practice clearly indicates a lack of appreciation of the proper administration of justice in the United States. I note that in the course of his instructions, the law officer here advised the court-martial:

"In this case the accused are charged with the commission of the same offense. Before I go further I should like to advise you of one very important matter. The mere fact that you may be satisfied beyond a reasonable doubt that one of the accused is guilty does not *necessarily* mean that any of the other accused are guilty." [Emphasis supplied.]

If we permit common trials under the facts and circumstances presented by this case, we run the danger of allowing criminal juries to convict by association.

While the Uniform Code of Military Justice makes no provision for common trials, paragraph 33*l* of the Manual for Courts-Martial, United States, 1951, provides in part as follows:

"If two or more persons are charged with the commission of an offense or offenses which, although not jointly committed (26*d*), were committed at the same time and place and are provable by the same evidence, the convening authority may in his discretion direct a common trial for such offenses only. Offenses charged against different accused which are not closely related should not be tried in a common trial, notwithstanding the fact that some other offenses with which each accused is charged may be closely related."

In Schmeller v United States, 143 F 2d 544 (CA 6th Cir) (1944), the court said:

"The gain in speed and economy of trial which results from the consolidation of criminal cases is often offset by the disadvantage at which the defendants are placed by the consolidation. The trial court has the obligation of safeguarding the rights not only of the Government, but also of the individual accused, and must see to it that such rights are not jeopardized by the consolidation for trial of numerous cases."

And in District of Columbia v Hunt, 163 F 2d 833 (CA DC Cir) (1947), the court concluded:

"Under the plain words of the rule consolidation of two or more informations for trial is conditioned upon the possibility of joinder of the offenses and of the defendants in a single information; and such joinder is permitted only if the defendants are alleged to have participated in the *same* act or transaction or in the *same* series of acts or transactions constituting an offense or offenses."

Finally, in McElroy v United States, 164 US 76, 17 S Ct 31, 41 L ed 355, the Supreme Court stated:

". . . While the general rule is that counts for several felonies of the same general nature, requiring the same mode of trial and punishment, may be joined in the indictment, subject to the power of the court to quash the indictment or to compel an election, such joinder cannot be sustained where the parties are not the same and where the offenses are in nowise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them."

I would reverse the decision of the board of review.