UNITED STATES, Appellee

v

HERMAN M. RESPESS, Private, U.S. Army, Appellant

19 USCMA 230, 41 CMR 230

No. 22,201

February 20, 1970

*Captain Stewart P. Davis* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Colonel Martin S. Drucker,* and *Captain Karl J. Uebel.*

*Captain Richard K. Bank* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Major R. Kevin McHugh.*

## Opinion of the Court

QUINN, Chief Judge:

The accused was convicted of willful disobedience of an order. At trial, he moved for a severance on the ground a coaccused intended to enter a plea of guilty. The motion was denied. He contends the ruling constitutes error because the offense with which he was charged was "committed at a different time and under different circumstances than . . . [the offense] of his co-accused" so as not to "even permit a common trial." At the same time, however, he maintains he and the coaccused with whom he was tried were so "inseparably con-

231

nected with substantially the same crime" that the failure to grant the motion was prejudicial.

Pursuant to order of the convening authority, the accused and Privates Coy T. Hilburn and Anton C. Stuever, Jr., were arraigned at the same time for a trial in common. Each was charged with willful disobedience, on September 5, 1968, of a lawful command by Major Hector L. Lopez, "to report to Building 465R and participate in the Special Training Program." Hilburn's disobedience allegedly occurred at 9:56 a.m., Stuever's at 10:00 a.m., and the accused's at 10:20 a.m. Stuever was represented by civilian counsel; the others were represented by appointed military counsel. Civilian counsel moved for a continuance and severance as to Stuever because a probable psychiatric witness had not had time to examine Stuever and counsel had not had time to prepare for trial. The motion was granted. Thereupon, counsel for Hilburn and the accused moved for severance as to the accused on the ground Hilburn proposed to enter a plea of guilty.

Defense counsel acknowledged it was a "matter of speculation" whether Hilburn's plea would affect the court members in their consideration of the accused's guilt or innocence, but he insisted it was "appropriate to avoid that possibility by separating the cases for trial." He further acknowledged that the offenses alleged were "quite similar both in the *factual* setting and [in that] they occurred essentially at the same time," so that the "cases are virtually the same with some minor differences." (Emphasis supplied.) Responding to questions by the law officer as to whether the evidence would show "combined action," defense counsel indicated that while there was no "consort" of action, the Article 32 investigation revealed that, minutes apart, each accused was called before the same officer, and "both received the same order and allegedly both refused the same order." After reading the cases cited to him, the law officer denied the motion.

Common trial of two or more accused is authorized in limited circumstances. The criteria for joinder are prescribed in the Manual for Courts-Martial, United States, 1951, paragraph 33*l*, as follows:

"If two or more persons are charged with the commission of an offense or offenses which, although not jointly committed (26*d*), were committed at the same time and place and are provable by the same evidence, the convening authority may in his discretion direct a common trial for such offenses only. Offenses charged against different accused which are not closely related should not be tried in a common trial, notwithstanding the fact that some other offenses with which each accused is charged may be closely related. See 69*d* (Motion to sever). For example, when A and B are each charged with larcenies alleged to have been committed at the same time and place, and B is also charged with an aggravated assault alleged to have been committed several days later, the assault specification against B should not be tried in a common trial, although the charges of larceny may properly be tried at such a trial. The convening authority may exercise his discretion in determining the order in which such charges shall be tried."

Read literally, the Manual provision can be construed to allow common trial only when the prosecution intends to use the "same evidence" for each accused. Permissible joinder, however, is not so narrowly circumscribed. In United States v Davis, 14 USCMA 607, 34 CMR 387 (1964), we indicated that the Manual provision for joinder of accused in a single trial was patterned upon Rules 8 and 13, Federal Rules of Criminal Procedure. Under the Federal rules, a common trial for two or more accused is authorized when the criminal acts attributable to each accused are logically related to, or connected

with, a particular transaction. Cataneo v United States, 167 F2d 820 (CA 4th Cir) (1948); Kleven v United States, 240 F2d 270 (CA 8th Cir) (1957). The general test is whether the offense alleged against each accused is provable by "substantially" the same evidence. United States v Cohn, 230 F Supp 587, 588 (SD NY) (1964). In *Davis* we sustained a common trial for two accused charged with separate assaults upon different victims because the acts were committed during a single incident. Here, defense counsel conceded the commonality of the proof, and indicated his only concern was with the "possibility" of prejudice that might result from Hilburn's entry of a plea of guilty. In effect, he conceded the propriety of the joinder.

The question of prejudice resulting from joinder is separate and different from the question of the propriety of the joinder of accused for common trial. Gorin v United States, 313 F2d 641, 645 (CA 1st Cir) (1963), certiorari denied, 374 US 829, 10 L Ed 2d 1052, 83 S Ct 1870 (1963); cf. Ingram v United States, 272 F2d 567 (CA 4th Cir) (1959). Perhaps the ▉▉▉▉▉ law officer should not have uncritically accepted the defense concession as to the substantial similarity of proof and perhaps he should have made more extensive inquiry into the circumstances than the inquiry he made, but the allegations of the specification which he read and the assurance he received from counsel that the cases were "virtually the same" amply justified his conclusion that trial in common was proper. United States v Davis, supra.

The defense concession as to the substantial similarity of the evidence may be sufficient to preclude the present challenge to the propriety of the joinder of accused for trial. United States v Williams, 10 USCMA 33, 27 CMR 107 (1958); Cupo v United States, 359 F2d 990 (CA DC Cir) (1966), certiorari denied, 385 US 1013, 17 L Ed 2d 549, 87 S Ct 723 (1967). Nevertheless, we have independently reviewed the circumstances surrounding the commission of the separate offenses.

A change of work status was accomplished for over one hundred prisoners at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. Ten prisoners in this group refused to obey the instructions intended to effectuate the change. The three accused arraigned at trial were among the recalcitrant ten, and each refrained from reporting to, or participating in, a project designated Special Training Program. After conferring with the Director of Custody, the Operations Officer, Major Lopez, called the three accused to his office. At slightly different intervals of time, he spoke to each accused. He discussed the work change and then issued a direct order "to report to Building 465R and participate in the Special Training Program." Each accused refused to obey the order.

Willful disobedience of an order is a highly personalized act. See United States v Charnay, 211 F ▉▉▉▉▉ Supp 904 (SD NY) (1962). However, the act of each accused was an integral part of the change of work status; and there were common elements of proof as to each act of disobedience to establish a factual relationship between them as part of the change. Such similarity of proof justifies trial in common. Cataneo v United States, supra; see also United States v Crisona, 271 F Supp 150 (SD NY) (1967). We conclude, therefore, that the joinder was proper.

When a trial in common of several accused is proper, the burden of establishing a reason for ▉▉▉▉▉ severance is on the party ▉▉▉▉▉ requesting severance. Gorin v United States, supra; United States v Rabin, 316 F2d 564 (CA 7th Cir) (1963), certiorari denied, 375 US 815, 11 L Ed 2d 50, 84 S Ct 48 (1963); United States v Alexander, 24 CMR 533 (1957), petition denied, 8 USCMA 763, 24 CMR 311 (1957). Appellate defense counsel contend that

prejudice is apparent in light of the decision of the Supreme Court of the United States in Bruton v United States, 391 US 123, 20 L Ed 2d 476, 88 S Ct 1620 (1968). In that case, the Supreme Court held that the confession of one accused implicating a coaccused is inadmissible evidence against the coaccused, and that the pernicious effect of implication is not eliminated by instructions to the jurors to limit their consideration of the confession to the accused who made it. Appellate defense counsel contend that, since any distinction between a plea of guilty and an incriminating pretrial statement "is meaningless," the rationale of Bruton is applicable to this case. The argument misconceives the nature of Hilburn's plea of guilty. Hilburn's confession that he willfully disobeyed the order did not indicate that the accused also willfully disobeyed. See United States v Wampole, 33 CMR 641 (1963).

·To avoid the obviously personal nature of the confession of wrong inherent in Hilburn's plea of guilty, appellate defense counsel further contend that Hilburn's plea of guilty "reflected adversely" upon the accused's "attempt to raise the issue of legality [of the order] . . . he was accused of disobeying." Whatever merit this contention may have in another situation, the effect of Hilburn's plea was dissipated when Hilburn changed the plea to one of not guilty before the Government's first witness concluded his testimony. See United States v Walter, 14 USCMA 142, 33 CMR 354 (1963). From that point, the trial proceeded with each accused contesting the legality of the order. In this situation, we perceive no prejudice to the accused as a result of the common trial. United States v Alvarez, 10 USCMA 24, 27 CMR 98 (1958).

The decision of the board of review is affirmed.

Judge DARDEN concurs.

FERGUSON, Judge (dissenting):

I dissent.

If two different accused rob the same store on the same day but at different times and there is no evidence that they acted in concert, can it reasonably be contended that they could lawfully be charged in the same indictment and tried together? Cf. Rules 8 and 13, Federal Rules of Criminal Procedure.[1] See United States v Davis, 14 USCMA 607, 34 CMR 387 (1964). How, then, can it be held, as in this case, that the law officer did not err when he denied a defense request to grant a separate trial for this accused? Respess and Hilburn were tried in common, on order of the convening authority, for willful disobedience, on September 5, 1968, of separate orders of Major Lopez "to report to Building 465R and participate in the. Special Training Program."

[1] "RULE 8. JOINDER OF OFFENSES AND OF DEFENDANTS
    "(a) Joinder of Offenses.
    "Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
    "(b) Joinder of Defendants.
    "Two or ·more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

.    .    .    .    .

"RULE 13. TRIAL TOGETHER OF INDICTMENTS OR INFORMATIONS
    "The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single. indictment or information."

Hilburn's disobedience allegedly occurred at 9:56 a.m. and he alone was present. The accused's disobedience allegedly occurred at 10:20 a.m., when he was alone with the Major. At trial, Captain Miers, appointed military defense counsel for both accused, moved for a severance on the ground that Hilburn planned to plead guilty and the accused to plead not guilty. Counsel made his motion "to avoid any possible prejudice flowing from Private Hilburn's plea of guilty which, of course, is an admission of guilt of the offense which is quite similar to that of the offense alleged against Private Respess both in factual matters and in proximity in time in which they occurred." He acknowledged that while there was no concert of action between Hilburn and Respess in the commission of the offenses, he felt that the similarity in the offenses was such that the court members could hardly be expected to return a finding of guilty against one, when that one pled guilty, and not guilty against the other.

In response to the motion, trial counsel asserted that "The plea of guilty of one individual will not and could not in any way prejudice the accused who pleads not guilty. *The offenses are clearly separate.* The court will have no difficulty in determining who was pleading guilty and who was pleading not guilty." (Emphasis supplied.)

The law officer denied the motion without explanation.

I believe trial counsel's assertion that "The offenses are clearly separate" is eminently correct. While similar in nature, they occurred at a separate time and there was no evidence of a concert of action. As my brothers acknowledge in their opinion, "Willful disobedience of an order is a highly personalized act. See United States v Charnay, 211 F Supp 904 (SD NY) (1962)."

In United States v Davis, supra, we said at page 609:

"The common trial of military offenders by court-martial is permissible if 'two or more persons are charged with the commission of an offense or offenses which, although not jointly committed . . . , were committed at the same time and place and are provable by the same evidence.' Manual for Courts-Martial, United States, 1951, paragraph 33*l*; United States v Bodenheimer, 2 USCMA 130, 7 CMR 6; United States v Smith, 2 USCMA 312, 8 CMR 112; United States v Alvarez, 10 USCMA 24, 27 CMR 98; United States v Williams, 10 USCMA 33, 27 CMR 107. The Manual concept is comparable to and, indeed, is based upon the procedure followed in the ordinary United States court regarding the trial of criminal defendants in common. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 52; United States v Bodenheimer, supra; Federal Rules of Criminal Procedure, Rules 8, 13. Such permit a common trial if the offenses are of the same or similar character, *are based upon the same acts or transaction, or involve crimes which are connected together or involve parts of a common scheme or plan.* Rules 8, 13, supra; District of Columbia v Hunt, 163 F2d 833 (CA DC Cir) (1947); McElroy v United States, 164 US 76, 41 L Ed 355, 17 S Ct 31 (1896)." [Emphasis supplied.]

It is patently obvious to me that since the charged offenses, being "highly personalized," were committed at separate times; were not proved by the same evidence; not based on the same acts or transactions; and were not part of a common scheme or plan; they do not come within the ambit of those offenses which may properly be tried in common. Cf. Rules 8 and 13, Federal Rules, and United States v Davis, all supra. They were, as trial counsel argued before the law officer, "clearly separate."

Paragraph 69*d*, Manuals for Courts-Martial, United States, 1951, and 1969 (Revised edition), provides in pertinent part:

"In a common trial, a motion to sever will be liberally construed. It should be granted on the motion of an accused arraigned in a common trial with other accused against whom offenses are charged which are unrelated to those charged against the mover (33*l*)."

The Federal rules are in accord. In Haggard v United States, 369 F2d 968, 973 (CA 8th Cir) (1966), certiorari denied, 386 US 1023, 18 L Ed 2d 461, 87 S Ct 1379, the Court said:

". . . If multiple defendants are misjoined, the trial court has no discretion, since misjoinder is prejudicial per se. Metheany v United States, 9 Cir., 365 F2d 90; Ingram v United States, 4 Cir., 272 F2d 567; Ward v United States, 110 U. S. App. D.C. 136, 289 F2d 877; King v United States, 1 Cir., 355 F2d 700; United States v Spector, 7 Cir., 326 F2d 345. See also Coco v United States, 8 Cir., 289 F2d 33. [Footnote 9.]

"[9] In McElroy v United States, 164 US 76, 17 S Ct 31, 41 L Ed 355, holding such a misjoinder requires a separate trial, Mr. Justice Fuller reasoned:

"'*  *  * It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defense, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions. *  *  *'  164 US at 81, 17 S Ct at 33."

Since I believe that the accused and Private Hilburn were improperly joined in a common trial, I would hold that the law officer erred to the prejudice of the accused in denying the motion to sever.

I would reverse the decision of the board of review and order a rehearing.