**UNITED STATES**

v.

**Specialist Four Robert F. CROSS, Jr., 083–46–8077, U.S. Army, Headquarters and Headquarters Company, 3d Battalion (Airborne) 325th Infantry, 82d Airborne Division, Fort Bragg, North Carolina 28307.**

**UNITED STATES**

v.

**Private First Class Edward SEPULVEDA, 056–50–6780, U.S. Army, Combat Support Company, 3d Battalion (Airborne) 325th Infantry, 82d Airborne Division, Fort Bragg, North Carolina 28307.**

**SPCM 12054.**

U. S. Army Court of Military Review.

Sentence Adjudged 15 Jan. 1976.

Decided 7 Dec. 1976.

Appellate Counsel for the Accused CROSS: CPT Steven J. McAuliffe, JAGC; CPT Lawrence E. Wzorek, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States CROSS: CPT Laurence M. Huffman, JAGC; CPT Gary F. Thorne, JAGC; COL Thomas H. Davis, JAGC.

Appellate Counsel for the Accused SE-PULVEDA: CPT Ralph E. Sharpe, JAGC; MAJ Richard J. Goddard, JAGC; MAJ Joe D. Miller, JAGC.

Appellate Counsel for the United States SEPULVEDA: CPT Laurence M. Huffman, JAGC; CPT Gary F. Thorne, JAGC; CPT John F. DePue, JAGC; COL Thomas H. Davis, JAGC.

Before CARNE, Senior Judge, and FULTON and MOUNTS, JJ.

## OPINION OF THE COURT

FULTON, Judge:

Appellants, Specialist Four Cross and Private First Class Sepulveda, were apprehended on a military installation while sitting in Specialist Cross's parked automobile. They had been smoking marihuana. A 423-gram brick of marihuana was found in a paper sack on the floor of the front passenger side, where Private Sepulveda had been sitting. An unsmoked marihuana cigarette was found in Specialist Cross's hat.

Tried in common for possessing "one pound, more or less" of marihuana in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934, each pleaded not guilty. The special court-martial with members convicted appellants, sentencing each to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $240.00 per month for six months, and reduction to pay grade E–1. The convening authority approved, the sentences, but suspended for 12 months the discharges, as well as confinement and forfeitures in excess of three months.

Private Sepulveda challenges his conviction and sentence on six grounds. Specialist Cross joins in the assertion of those errors and adds five more. One aspect of this case not raised is whether they were prejudiced by reason of being charged with violation of Article 134, *supra*, rather than Article 92 of the Uniform Code of Military Justice, 10 U.S.C. § 892. *See United States v. Courtney*, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976). In view of the limited sentencing power of the trial court, we regard the issue as moot. *United States v. Zorn*, 2 M.J. 102 (A.C.M.R. 21

Oct. 1976). Accordingly, we proceed to the asserted errors concerning unlawful command influence, prior punishment, presentencing instructions, severance, and improper argument of counsel.

## I

■ Error is asserted in the alleged exercise of unlawful command influence by the appellants' battalion commander or, possibly, higher authority. Shortly after their apprehension, appellants each received nonjudicial punishment imposed by their respective company commanders for possession of marihuana. Thereafter, and apparently after consulting the judge advocate officer who subsequently appeared as trial counsel. In this case, the battalion commander "nullified" the nonjudicial punishments "under the provisions of paragraph 128b, MCM, 1969 (Revised), which states that an Article 15 cannot be given for a serious offense." He directed that the company commanders "restore all rights and privileges." Although he also directed each to "pursue trial by court-martial," it was the battalion commander himself who preferred the charges on which the appellants subsequently were tried.

The battalion commander's actions did not constitute unlawful command influence. He did not require his subordinates to act in a manner contrary to their discretion. Instead, he determined the seriousness of the offenses, assumed jurisdiction, and preferred the charges himself. This was entirely proper. *United States v. Rivera*, 45 C.M.R. 582, 584 (A.C.M.R.1972); *United States v. Wharton*, 33 C.M.R. 729 (A.F.B.R. 1963), *pet. denied* 14 U.S.C.M.A. 670, 33 C.M.R. 436 (1963). *Cf. United States v. Thomas*, 51 C.M.R. 402, 2 M.J. 400 (A.C.M.R. 1975). To paraphrase Judge Latimer, he merely took reasonable measures to insure that commanders with less authority did not nullify his choice of forum. *United States v. Hawthorne*, 7 U.S.C.M.A. 293, 300, 22 C.M.R. 83, 90 (1956) (Latimer, J. concurring). Also, while he may have discussed this with a representative of the staff judge advocate, there is no evidence that the battalion commander's own discretion was fettered by higher authority. The alleged error of unlawful command influence is without merit.

## II

Asserting an error that would pertain to both, Appellant Cross contends that trial was barred by prior punishment. Appellants each served all or substantially all of the 14 days' restriction and extra duties imposed nonjudicially. Setting aside the punishment served only to restore a forfeiture imposed on Appellant Cross and a reduction in grade and forfeiture imposed on Appellant Sepulveda. See *United States v. Yray*, 10 C.M.R. 618 (A.F.B.R.1953). The contention is correct if the offenses here involved were minor. Article 15(f), Uniform Code of Military Justice, 10 U.S.C. § 815(f); Manual for Courts-Martial, United States, 1969 (Revised edition), paras. 68g, 215c.

■ In determining whether an offense is minor, its nature and the circumstances surrounding its commission must be taken into account rather than considering only the maximum punishment. Manual for Courts-Martial, *supra*, para. 128b ; *United States v. Fretwell*, 11 U.S.C.M.A. 377, 29 C.M.R. 193 (1960); *United States v. Rosencrons*, 34 C.M.R. 512 (A.B.R.1963); *United States v. Gonzalez*, 32 C.M.R. 475 (A.B.R.1962). Nevertheless, the term minor "ordinarily does not include misconduct of a kind which, if tried by general court-martial, could be punished by dishonorable discharge or confinement for more than one year." Manual for Courts-Martial, *supra*, para. 128b. Taking *United States v. Courtney, supra*, into account, appellants' offenses, if tried by general court-martial, were punishable by dishonorable discharge and confinement for at least two years, if not five. We find no unusual or extraordinary circumstances under which the offenses could be perceived as minor, especially in view of the quantity of the drug involved. Accordingly, prior punishment did not bar trial.

## III

■ Prior punishment, if not barring trial for a serious offense, "shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty." Article 15(f), Uniform Code of Military Justice, *supra* ; Manual for Courts-Martial, *supra*, para. 128*b* Citing *United States v. Oliver*, 44 C.M.R. 384 (A.C.M.R. 1971), appellants assert that the military judge erred in not instructing the court members to that effect. We agree.

That each appellant initially had received nonjudicial punishment for his offense was before the court members by means of their testimony and that of their company commanders. The military judge did instruct the court members to consider specified facets of the testimony in extenuation and mitigation given by appellants and various witnesses on their behalf, but he failed to mention the nonjudicial punishment in any connection, much less advise the members that it must be taken into account in determining the measure of punishment to impose. Neither defense counsel had requested such an instruction and, when asked by the military judge, neither counsel objected to the presentencing instructions given or sought additional instructions.

Despite the absence of a request by counsel, the failure to instruct court members that they must consider the nonjudicial punishment in determining an appropriate sentence was error. *See United States v. Oliver, supra.* Noting that the special court-martial adjudged maximum sentences, we find a fair risk that each appellant was burdened with a more severe sentence than otherwise might have been imposed. Accordingly, we shall reassess the sentences.

## IV

■ Appellants also assert the following instructional error:

APPELLANT WAS DENIED PROCEDURAL DUE PROCESS BY THE FAILURE OF THE MILITARY JUDGE TO INSTRUCT THE COURT MEMBERS AS TO THEIR OPTION TO RECONSIDER ANY SENTENCE BEFORE FORMAL IMPOSITION.

A court-martial may reconsider its sentence at any time before the record of trial is authenticated and forwarded to the convening authority. Manual for Courts-Martial, *supra*, para. 76*c*. Neither defense counsel sought any instruction as to reconsideration. There is no indication that the court members reconsidered a sentence they had adopted or that any member wished to do so. The sentences announced were not ambiguous or illegal.

■ It is clear that court members must be instructed concerning reconsideration when the sentence arrived at is ambiguous or apparently illegal or there is some indication that reconsideration is desired by a court member. *Compare United States v. Kuzilik*, 49 C.M.R. 525 (A.F.C.M.R.1974), *with United States v. Strawn*, 44 C.M.R. 703 (N.C.M.R.1971). With the single exception of Judge Ferguson's dissent in *United States v. Muir*, 20 U.S.C.M.A. 188, 192, 43 C.M.R. 28, 32 (1970), however, we find no support for the view that the instruction must be given in the absence of such circumstances. Accordingly, we hold that under the circumstances of this case failure to instruct the court members regarding reconsideration of sentences was not error. *Cf. United States v. Keith*, 22 U.S.C.M.A. 59, 46 C.M.R. 59 (1972) (circumstances requiring instruction on clemency recommendations).

## V

Each appellant, in connection with his request for representation by appellate counsel, questions the propriety of being tried in common with the other.

The general court-martial convening authority referred the charges against Specialist Cross and Private Sepulveda separately to trial by special courts-martial appointed by consecutively numbered convening orders. Trial in common was not directed. After an Article 39(a) arraignment session in Specialist Cross's case, and during an immediately following similar session in

Private Sepulveda's case, the military judge asked, "Why doesn't the government now at this point consolidate these cases for the purpose of trial?" The Government so moved. Private Sepulveda's counsel opposed. Specialist Cross's counsel was not present, the arraignment in his case having concluded. Nevertheless, the judge stated that he was "tentatively" granting the motion and would, at the time of trial, allow argument by both counsel in opposition to the motion.

Thereafter, the referral indorsements were amended by adding instructions for a common trial. Because each appellant requested that the court include enlisted members, an additional convening order was promulgated detailing specified enlisted men "as members to a Special Court-Martial for the case of US vs. PFC Edward Sepulveda . . . and SP4 Robert F. Cross Jr. . . ." (Emphasis added.)

The military judge noted that the cases remained referred to courts initially convened by different orders (which differed only as to the identity of detailed defense counsel), but concluded that they were not in fact different courts. Appellant Cross's counsel then moved to sever the cases. Appellant Sepulveda's counsel did not specifically join in the motion or argument at this time, but we may assume that he was merely relying on his own earlier motion and argument.

 As the appellants' offenses were committed at the same time and place and were provable by the same evidence, the charges against them were appropriate for trial in common. Manual for Courts-Martial, supra, para. 33l. We find error in the manner in which the cases were referred to trial, but the error was not prejudicial. Cf. United States v. Morgan, 50 C.M.R. 589 (A.C.M.R.1975); United States v. Petro, 44 C.M.R. 511 (A.C.M.R.1971). There remains for consideration whether the joinder resulted in prejudice to either appellant. United States v. Respess, 19 U.S.C.M.A. 230, 233, 41 C.M.R. 230, 233 (1970).

Each appellant defended on the ground that he was merely present in the place where the brick of marihuana was located and without knowledge of its presence. Specialist Cross testified that Private Sepulveda had brought with him the paper sack in which the marihuana was discovered. Private Sepulveda denied this. He testified that the sack was in Cross's automobile when they arrived. Both disclaimed knowledged, even curiosity, as to the contents of the sack.

 Antagonistic defenses may operate to the prejudice of accused tried together. See Manual for Courts-Martial, supra, para. 69d. Especially in common (as distinguished from joint) trials, motions to sever should be liberally considered. Id.

 The mere fact that coaccused's defenses are antagonistic or in conflict does not alone demand severance, however. United States v. Oliver, 14 U.S.C.M.A. 192, 33 C.M.R. 404 (1963). Instead, "it is only when the situation is such that the exercise of common sense and sound judicial judgment should lead one to conclude that one defendant cannot have a fair trial, as that term is understood in law, that a severance should be granted." Dauer v. United States, 189 F.2d 343, 344 (10th Cir. 1951). Compare United States v. Despanie, 36 C.M.R. 671 (A.B.R.1966), with United States v. Tackett, 16 U.S.C.M.A. 226, 36 C.M.R. 382 (1966). When prejudice has been found, it usually is attributable to the presence of additional factors, such as an insufficiency of evidence as to one accused, see e. g., Thomas v. State, 297 So.2d 850 (Fla.App. 1974); or the use of one accused's out-of-court statement implicating the other, see, e. g., United States v. Johnson, 478 F.2d 1129 (5th Cir. 1973), and People v. Hurst, 396 Mich. 1, 238 N.W.2d 6 (1976). See generally Annot., 131 A.L.R. 917, 922–923 (1941); Annot., 104 A.L.R. 1519, 1522 (1936); Annot., 70 A.L.R. 1171, 1184–1185 (1931). But see State v. Thibodeaux, 315 So.2d 769 (La.1975). We find no such considerations here.

The distinguishing feature of this case is that appellants each admittedly possessed marihuana and went to Specialist Cross's

automobile together for the purpose of smoking it, which they did. The partially open sack, containing a brick of marihuana (albeit still wrapped) was in plain view on the floor of the car between them. One out-of-court statement did come to the attention of court members. That was Private Sepulveda's denial of complicity made to his company commander. At an Article 39(a) session, the statement had been ruled inadmissible. When it nevertheless was elicited before court members (by Specialist Cross's counsel), proper admonitory instructions immediately ensued. Otherwise, their respective denials of responsibility for, and knowledge of the presence of, that particular quantity of marihuana each were subject to full and searching cross-examination by the other.

■ The court members were instructed properly that "two or more persons may have exclusive possession of property," but that "mere presence in the vicinity of marihuana or mere knowledge of its physical location does not constitute possession." They also were instructed as to the necessity and manner of making exceptions and substitutions should they not be convinced beyond a reasonable doubt that an accused possessed the pound of marihuana, but were convinced beyond a reasonable doubt that he possessed some amount. Their findings that each appellant possessed the pound of marihuana were supported by the evidence. See Orosco v. State, 164 Tex.Cr.R. 257, 298 S.W.2d 134 (1957); Annot., 57 A.L.R.3d 1319, 1329, 1344–1347 (1974). We find no prejudice that would be eliminated by separate trials.

## VI

Concluding his argument as to an appropriate sentence, the trial counsel told the court members that "you've got to properly consider what's fair for the accused and what serves as a deterrent factor to other people in this Division." We agree with appellants that this was error. *United States v. Mosely,* 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976). Reassess-

ment of the sentence will eliminate any prejudice.

## VII

Because of the military judge's failure to instruct court members that prior punishment, imposed nonjudicially, should be considered in determining an appropriate sentence, and because the trial counsel argued that general deterrence should be considered, the sentences will be reassessed. Appellants have served the unsuspended periods of confinement and unsuspended forfeitures were applied for the same period. The period of suspension has not expired, however, during which each appellant risks additional confinement, forfeitures, and bad-conduct discharge.

■ As to each appellant, the findings of guilty are affirmed. Reassessing the sentences on the basis of the above-indicated errors and the entire record, the Court, as to each appellant, affirms only so much of the sentences as provides for a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $240.00 pay per month for four months (the bad-conduct discharge, confinement at hard labor in excess of three months and forfeiture of $240.00 pay per month in excess of three months, in both cases, were suspended by the convening authority for 12 months with provision for automatic remission), and reduction to the grade of Private (E–1).

Senior Judge CARNE and Judge MOUNTS concur.