UNITED STATES, Appellee,

v.

Private (E–1) Arthur J. MORRISON, SSN 027–50–2285, United States Army, Appellant.

SPCM 15591.

U. S. Army Court of Military Review.

10 Aug. 1981.

---

the brief were Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major Douglas P. Franklin, JAGC.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Charged with nineteen violations of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a (1976), by uttering worthless checks with intent to defraud, appellant pleaded guilty before a military judge sitting as a special court-martial. In extenuation and mitigation, to show that his company commander regarded him as worthy of rehabilitation, appellant introduced evidence that nonjudicial punishment pursuant to Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815 (1976), initially had been administered by the company commander for the same nineteen offenses. The punishment imposed was extra duty for fourteen days. The punishment had not actually been served, however, because at the time appellant was hospitalized with head and back injuries incurred in an automobile accident. Later, the imposition of nonjudicial punishment was set aside and the battalion commander preferred the charges leading to the present trial. *Cf. United States v. Cross,* 2 M.J. 1057, 1060 (A.C.M.R.1976) (Part I).

■ The military judge sua sponte ruled that, since the imposition of punishment had become effective, although none was served before being set aside, its impact on the trial must be assessed.[1] He held that the offenses were not "minor" within the meaning of paragraph 128*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), and therefore that the trial

Captain Judson W. Roberts, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, and Major Jerome E. Kelly, JAGC.

Captain John J. Park, Jr., JAGC, argued the cause for the appellee. With him on

---

1. As in the case of a court-martial sentence to confinement, the period during which extra duties may be required begins to run from the date of imposition, with certain exceptions not here pertinent. *Compare* Manual for Courts-Martial, United States, 1969 (Revised edition), par. 126*j, with* Army Regulation No. 27–10, Legal Services: Military Justice, par. 3–10 (as amended 1979).

was not barred. He further ruled, however, that the previous imposition of punishment must be considered in assessing a sentence,[2] which he did by reducing the maximum imposable confinement and forfeitures from terms of six months (the jurisdictional limit of special courts-martial) to five months. The military judge then imposed a sentence of bad-conduct discharge with confinement at hard labor for three months.

The convening authority approved the sentence and forwarded the record of trial for review by this Court pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

█ Appellant now asserts that the trial judge erred in two respects. He first contends that the judge, in determining that trial was not barred because the offenses nonjudicially punished were serious, erroneously aggregated the nineteen specifications, for which the total maximum could include confinement for more than ten years (if tried before a general court-martial), as well as taking into account that, although not so charged, the uttering of each check involved the wrongful appropriation or larceny of the money or goods received.[3] Second, appellant argues that the judge should have expressly credited the prior punishment against the punishment he adjudged, rather than merely using it to reduce the theoretical maximum that he could impose, which left to conjecture the question whether and to what extent he actually considered the prior punishment in arriving at the sentence adjudged.[4]

Because no part of the nonjudicial punishment imposed was in fact served, we need not reach the merits of either of appellant's contentions. Article 15(f) of the Uniform Code of Military Justice, 10 U.S.C. § 815(f) (1976), provides as follows:

> The imposition *and enforcement* of disciplinary punishment under this article for any act or omission is not a bar to trial by court-martial for a serious crime or offense growing out of the same act or omission, and not properly punishable under this article; but the fact that a disciplinary punishment *has been enforced* may be shown by the accused upon trial, and when so shown shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty. [Emphasis added.]

To the same effect is paragraph 128*b* of the Manual for Courts-Martial, *supra*, which speaks of the imposition *and enforcement* of disciplinary punishment, and of an accused's showing "that he has been punished." We interpret these provisions to mean that both imposition and enforcement (*i. e.*, execution, or carrying out) of the nonjudicial punishment must occur for a trial to be barred or to give rise to the

---

**2.** *See United States v. Oliver*, 44 C.M.R. 384 (A.C.M.R.1971).

**3.** Within a month after opening a checking account with a deposit of $200.00, against which he immediately drew checks totaling $180.00, appellant uttered the 19 worthless checks to post exchange facilities at several military installations. He knew that there were insufficient funds in the bank and intended to defraud the exchange service of cash and merchandise, most of which he said was clothing in preparation for a trip home. He said he knew that, being in the Army, he could be found, and intended to repay the debt later with funds from home or by selling his automobile. As to the military judge's ruling, *see United States v. Gonzalez*, 32 C.M.R. 475 (A.B.R.1962) (consid-

eration of whole course of conduct involved); *see also United States v. Hutchins*, 6 U.S.C.M.A. 17, 19, 19 C.M.R. 143, 145 (1955) (bad check offenses involve moral turpitude).

**4.** *Compare United States v. Larner*, 1 M.J. 371 (C.M.A.1976) (credit for illegal pretrial confinement), *with Thomas v. United States*, 8 M.J. 505 (A.F.C.M.R.1979) (credit for legal pretrial confinement); *cf. United States v. Oliver*, 44 C.M.R. 384 (A.C.M.R.1971) (judge must expressly state consideration of nonjudicial punishment). *But see, e. g., United States v. Montgomery*, 20 U.S.C.M.A. 35, 39, 42 C.M.R. 227, 231 (1970) (presumption of proper consideration by judge); *United States v. Breece*, 46 C.M.R. 1319, 1321 (A.C.M.R.1973) (same).

necessity for sentence consideration. To the contrary in this case, no punishment was enforced; appellant's own evidence affirmatively showed that he had not been punished.[5]

The findings of guilty and the sentence are affirmed.

CLAUSE and FOREMAN, Judges, concur.

5. We distinguish *United States v. Yray*, 10 C.M.R. 618 (A.F.B.R.1953), on the basis that the punishment involved in that case had been partially completed. *Also, paragraph 68g of the Manual for Courts-Martial* (the 1969 edition as well as the 1951 edition cited in *Yray*) is an incomplete reflection of the rule in paragraph 128b and Article 15(f) of the Uniform Code, quoted above.